1  William A. Delgado (Bar No. 222666)
2  wdelgado@willenken.com
   Nhan T. Vu (Bar No. 189508)
3  nvu@willenken.com
4  Eileen M. Ahern (Bar No. 216822)
   eahern@willenken.com
5  WILLENKEN WILSON LOH & DELGADO LLP
6  707 Wilshire Blvd., Suite 3850
   Los Angeles, California 90017
7  Telephone:  (213) 955-9240
8  Facsimile:  (213) 955-9250

9  Attorneys for Defendant
   MICROSOFT CORPORATION
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14  ANDREW SOKOLOWSKI, an         Case No.:  CV12-10641
    individual, on behalf of himself and all
15  others similarly situated,

16                                (LASC Case No. BC495538)

17            Plaintiff,          **NOTICE OF REMOVAL OF
                                  ACTION PURSUANT TO 28 U.S.C.**
18  v.                            **§ 1446**

19
    MICROSOFT CORPORATION; and
20  DOES 1-100, inclusive,

21
              Defendants.
22

23

24

25

26

27

28

127873.1

TO THE CLERK OF THE ABOVE ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1446, Defendant Microsoft Corporation ("Microsoft") removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.  In support of its Notice of Removal, Microsoft states:

1.     On November 13, 2012, Plaintiff Andrew Sokolowski filed a Complaint in the Superior Court of the State of California for the County of Los Angeles—Central District, Docket No. BC495538, captioned *Andrew Sokolowski, an individual, on behalf of himself and all others similarly situated v. Microsoft Corporation; and Does 1-100, inclusive.*

2.     On November 13, 2012, Plaintiff served the Summons and Complaint on Microsoft.  Microsoft's Notice of Removal is timely filed within 30 days of November 13, 2012.

3.     True and correct copies of the Summons and Complaint, which constitute "all process, pleadings, and orders served upon" Microsoft, *see* 28 U.S.C. § 1446(a), are attached as Exhibit A.

4.     A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles—Central District, and is being served on counsel of record under 28 U.S.C. § 1446(d).

5.     Plaintiff alleges that on October 26, 2012, Microsoft began selling a computer known as the "Surface" that uses Microsoft's Windows RT operating system ("Surface RT").  Compl. ¶¶ 14-15.  He alleges the Surface RT "is a general purpose computer contained in a single panel which typically uses a touch screen as the input device." *Id.* ¶ 14.

6.     Plaintiff alleges the Surface RT "uses the Windows RT operating system," and comes in two versions, "one of which Microsoft represents as having

1  32 gigabytes ('32 GB') of storage space, and one of which Microsoft represents as
2  having 64 gigabytes ('64 GB') of storage space."  Compl. ¶ 15.

3      7.    Plaintiff alleges "Microsoft knows but conceals and fails to disclose in
4  its advertising, marketing or promotional materials, that the Windows RT
5  operating system consumes approximately 16 GB of the represented storage
6  capacity of the Surface RT tablets and that those 16 GB are not . . . storage space
7  that the consumer can actually use to store files after purchase."  Compl. ¶ 18.

8      8.    Plaintiff alleges Microsoft's failure to disclose the Windows RT
9  operating system's use of 16 GB of storage capacity is a "false, deceptive and
10 misleading practice in connection with marketing, selling, and distributing the
11 Surface RT tablets."  Compl. ¶ 17.  He alleges Microsoft misrepresents the storage
12 capacity of both versions of the Surface RT in its "advertising, marketing, and
13 promotional materials, including Microsoft's internet website, product packaging,
14 and product displays."  *Id.*

15     9.    Plaintiff alleges the only disclosure on Microsoft's Web site
16 "regarding storage capacity" says "formatted storage capacity may be less."
17 Compl. ¶ 17.

18     10.    Plaintiff further alleges the 32 GB Surface "retails for approximately
19 $499, or $599 if purchased with a cover with integrated 'touch' keyboard," and the
20 64 GB Surface "retails for approximately $699 with the integrated keyboard."
21 Compl. ¶ 15.

22     11.    Plaintiff claims Microsoft's alleged conduct described above in
23 paragraphs 7-9 violates:  (1) the California Consumers Legal Remedies Act
24 ("CLRA"), Cal. Civ. Code § 1750 *et seq.* (Count I), Compl. ¶¶ 37-46; (2)
25 California Business and Professions Code § 17500 *et seq.* (Count II), Compl.
26 ¶¶ 47-57; and (3) California Business and Professions Code § 17200, *et seq.*
27 (Count III), Compl. ¶¶ 58-75.

28

12.     Plaintiff seeks:  (1) an Order "enjoining defendants from engaging in the practices complained of and alleged herein"; (2) "restitution of all revenues, earnings, compensation and benefits obtained as a result of Defendant's wrongful conduct"; (3) prejudgment interest; (4) attorneys' fees, costs, and expenses; (5) "any other injunctive or declaratory relief as is necessary to protect the interests of the Plaintiff and the Class"; and (6) "any other relief the Court deems just and proper."  Compl. at Prayer For Relief.

13.     Plaintiff alleges:  "This is a civil action by Plaintiff, on behalf of himself and all other people in the State of California who purchased from Defendant a Microsoft Surface tablet computer running the Windows RT operating system (the 'Class') during the period beginning four years before the filing of this complaint until the time of class certification (the 'Class Period')."  Compl. ¶ 1.

14.     Plaintiff seeks to litigate his claims on behalf of himself and a proposed statewide class defined as follows:  "All persons or entities in the State of California who purchased Microsoft Surface tablet computers running the Windows RT operating system for purposes other than resale or distribution at any time within the four years preceding the filing of this Complaint."  Compl. ¶ 24.

15.     Plaintiff further seeks to litigate his claims on behalf of himself and a proposed statewide CLRA subclass defined as follows:  "All persons in the State of California who purchased Microsoft Surface tablet computers running the Windows RT operating system for personal, family or household use within the four years preceding the filing of this Complaint."  Compl. ¶ 25.

16.     Plaintiff alleges "the number of class members is great, believed to be hundreds of consumers located throughout the State of California."  Compl. ¶ 27.

17.     As demonstrated below, this Court has jurisdiction over Plaintiff's action and it is properly removed to this Court.

127873.1

## BASIS OF FEDERAL JURISDICTION UNDER
## <u>CLASS ACTION FAIRNESS ACT</u>

18.     This action is removable to this Court because federal diversity jurisdiction under 28 U.S.C. § 1332 exists over Plaintiff's claims under the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in various sections of Title 28 of the United States Code including 28 U.S.C. §§ 1332(d) & 1453.

19.     Congress enacted CAFA to enlarge federal jurisdiction over proposed class actions.  CAFA provides that a class action against a non-governmental entity may be removed to federal court if:  (1) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the number of proposed class members is not less than 100.  As set forth below, all the requirements for removal are met here.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5), (d)(6) & 1453(b).

### <u>Amount-In-Controversy Requirement</u>

20.     CAFA's first requirement, that the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), is met here.

21.     Although Microsoft disputes liability and restitution, it is evident that Plaintiff purports to seek for himself and the proposed class restitution that if granted would, in the aggregate, exceed CAFA's $5 million threshold, exclusive of interest and costs.

22.     Indeed, the $5 million threshold is met even if the Court considers only a portion of the relief Plaintiff seeks in Counts II and III.

23.     In both Counts II and III, Plaintiff seeks "restitution of the money wrongfully acquired by Defendant in connection with the false and misleading advertising described [in the Complaint]."  Compl. ¶ ¶ 57, 75.  Counts II and III

1  put in controversy the purchase price paid by California buyers of the 32 GB and
2  64 GB Surface RT devices.

3      24.     Plaintiff alleges the 32 GB Surface "retails for approximately $499, or
4  $599 if purchased with a cover with integrated 'touch' keyboard," and the 64 GB
5  Surface "retails for approximately $699 with the integrated keyboard."  Compl.
6  ¶ 15.  The 64 GB Surface is sold only with the integrated keyboard.  Declaration of
7  Rebecca Roedell ("Roedell Decl.") ¶ 5.  The Roedell Declaration is attached as
8  Exhibit B.  Plaintiff alleges he purchased a 32 GB Surface for $499.00 and a "type
9  cover" for $129.99.  Compl. ¶ 7.

10     25.     Until December 11, 2012, the 32 GB and 64 GB Surface RT devices
11  were sold to retail customers only through Microsoft's Web site at
12  www.microsoftstore.com and at Microsoft's retail stores.  Roedell Decl. ¶ 7.[1]
13  Microsoft currently has nine retail stores in California.  Roedell Decl. ¶ 8.

14     26.     It is Microsoft's regular practice to maintain, in the ordinary course of
15  its business, records of sales of the 32 GB and 64 GB Surface RT units, covers, and
16  accessories purchased through Microsoft's Web site and shipped to people in
17  California.  Roedell Decl. ¶ 9.

18     27.     It is Microsoft's regular practice to maintain, in the ordinary course of
19  its business, records of sales of the 32 GB and 64 GB Surface RT units, covers, and
20  accessories purchased at Microsoft's retail stores in California.  Roedell Decl. ¶ 10.

21     28.     These records described in paragraphs 26-27 above reflect the number
22  of Surface devices and accessories sold and the sales revenue for each Surface
23  device and accessory.  Roedell Decl. ¶ 11.  As explained below, for its calculations

24

25  ─────────────────────
26  [1]  On December 11, 2012, Microsoft announced plans to make Surface RT
     available at additional retailers as soon as mid-December.  *See*
27  www.microsoft.com/en-us/news/Press/2012/Dec12/12-
     11SurfaceRetailDistroPR.aspx.
28

127873.1

1 to show there is more than $5 million in controversy here, Microsoft used 3,000

2 units each for sales of the 32 GB Surface RT, 32 GB bundle, and 64 GB bundle,

3 though the actual number of units sold to customers in California for each model is

4 substantially higher.

5      29.    Microsoft's business records reflect that from October 26, 2012

6 through December 6, 2012, Microsoft sold more than 3,000 units of the 32 GB

7 Surface RT (exclusive of a cover and accessories) to customers in California.

8 These sales were made through Microsoft's Web site and at Microsoft stores in

9 California.  Roedell Decl. ¶ 14.  At $499 each, Compl. ¶ 15, 3,000 sales resulted in

10 revenue of $1,497,000.  If Microsoft included all units of the 32 GB Surface RT

11 (exclusive of a cover and accessories) sold to customers in California, the actual

12 revenue reported here would be substantially higher.  Roedell Decl. ¶ 15.

13 Microsoft is stating that it sold at least 3,000 units of the 32 GB Surface RT for

14 purposes of this Notice of Removal, rather than the actual number of units sold,

15 which although higher is confidential commercial information, of competitive

16 value, that Microsoft has  not released publicly.  Roedell Decl. ¶ 16.

17      30.    Microsoft's business records reflect that from October 26, 2012

18 through December 6, 2012, Microsoft sold more than 3,000 32 GB Surface RT

19 bundles (the 32 GB Surface RT and a cover sold together) to customers in

20 California.  These sales were made through Microsoft's Web site and at Microsoft

21 stores in California.  Roedell Decl. ¶ 14.  At $599 per bundle, Compl. ¶ 15, 3,000

22 sales resulted in revenue of $1,797,000.  If Microsoft included all 32 GB Surface

23 RT bundles sold to customers in California, the actual revenue reported here would

24 be substantially higher.  Roedell Decl. ¶ 15.   Microsoft is stating that it sold at

25 least 3,000 32 GB Surface RT bundles for purposes of this Notice of Removal,

26 rather than the actual number of bundles sold, which although higher is

27 confidential commercial information, of competitive value, that Microsoft has not

28 released publicly.  Roedell Decl. ¶ 16.

NOTICE OF REMOVAL

31.     Microsoft's business records reflect that from October 26, 2012 through December 6, 2012, Microsoft sold more than 3,000 64 GB Surface RT bundles (the 64 GB Surface RT and a cover sold together) to customers in California  These sales were made through Microsoft's Web site and at Microsoft stores in California.  Roedell Decl. ¶ 14.  At $699 per bundle, Compl. ¶ 15, 3,000 sales resulted in revenue of $2,097,000.  If Microsoft included all 64 GB Surface RT bundles sold to customers in California, the actual revenue reported here would be substantially higher.  Roedell Decl. ¶ 15.  Microsoft is stating that it sold at least 3,000 64 GB Surface RT bundles for purposes of this Notice of Removal, rather than the actual number of bundles sold, which although higher is confidential commercial information, of competitive value, that Microsoft has not released publicly.  Roedell Decl. ¶ 16.

32.     Therefore, Microsoft's sales of Surface RT devices in California resulted in revenue, at a minimum, of at least $5,391,000 ($1,497,000 + $1,797,000 + $2,097,000).  This number alone exceeds CAFA's $5 million dollar amount-in-controversy requirement.  Were Microsoft to report the actual California sales of the 32 GB Surface RT, 32 GB bundle, and 64 GB bundle, rather than 3,000 units of each model, this number would be substantially higher.  The amount in controversy increases daily as more Surface RT units are sold in California.  Roedell Decl. ¶ 17.

33.     Were Microsoft to include the sales of accessories, such as sleeves, privacy screen protectors, VGA adaptors, HD digital AV adapters, Type Covers, and Touch Covers for the Surface RT in California, the amount in controversy would be even higher.  Roedell Decl. ¶ 18.

34.     Plaintiff also seeks attorneys' fees.  Compl. at Prayer for Relief. Attorneys' fees may be included in calculating the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

127673.1

35.     In the Ninth Circuit, 25% of compensatory damages is a fair estimate of attorneys' fees in a class action. *Molnar v. 1-800-Flowers.com, Inc.*, No. CV08-0542CAS (JCX), 2009 WL 481618, at *5 (C.D. Cal. Feb. 23, 2009) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003)). An award of attorney's fees equal to 25% of the total restitutionary relief sought for only 3,000 units of each model of Surface RT (*i.e.*, 32 GB Surface RT, 32 GB bundle, and 64 GB bundle) at the prices alleged by Plaintiff increases the amount in controversy to $6,738,750 (1.25 x $5,391,000).

36.     Plaintiff also seeks an order "enjoining defendants from engaging in the practices complained of and alleged herein." Compl. at Prayer for Relief. "The cost of . . . the injunction against defendant must be included when determining the amount in controversy." *Lyon v. W.W. Grainger Inc.*, No. C 10-00884 WHA, 2010 WL 1753194, at *2 (N.D. Cal. Apr. 29, 2010) (citing *In re Ford Motor Co.*, 264 F.3d 952, 959 (9th Cir. 2001)). Were Microsoft to include this cost, the amount in controversy would be higher.

37.     Microsoft has therefore established by a preponderance of the evidence CAFA's minimum amount in controversy of more than $5 million, exclusive of interest and costs, is satisfied. *See, e.g., Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (defendant established amount in controversy by affidavit stating only that affiant had reviewed business records and "potential damages could exceed the jurisdictional amount"); *Ray v. Wells Fargo Bank, N.A.*, No. 11-01477, 2011 WL 1790123, at *6 (C.D. Cal. May 9, 2011) (defendant established amount in controversy by declaration on personal knowledge obtained in his normal business responsibilities and review of defendant's business records).

## Minimal Diversity of Citizenship

38.     CAFA's second requirement, that any one member of the proposed class be a citizen of a state different from any defendant, 28 U.S.C. § 1332(d)(2), is

1    also met here.  Plaintiff alleges he resides in California.  Compl. ¶ 7.  Accordingly

2    he is a citizen of California.

3         39.     Plaintiff further alleges Microsoft "is a corporation organized under

4    the laws of the State of Washington with its headquarters at One Microsoft Way,

5    Redmond, Washington." Compl. ¶ 9.  Accordingly, Microsoft is a citizen of

6    Washington, and diversity of citizenship exists between at least one proposed class

7    member and Defendant, satisfying 28 U.S.C. § 1332(d)(2).

8         40.     The complete diversity between the named Plaintiff and Microsoft not

9    only satisfies the minimal diversity-of-citizenship requirement under CAFA, but

10   also precludes the "local controversy" or "home state" exceptions in 28 U.S.C.

11   § 1332(d)(3) and § 1332(d)(4).

12   **Proposed Class Size**

13        41.     CAFA's third requirement, that the proposed class contain at least 100

14   members, 28 U.S.C. § 1332(d)(5), is met here as well.

15        42.     Plaintiff alleges "the number of class members is great, believed to be

16   hundreds of consumers located throughout the State of California." Compl. ¶ 27.

17   As shown above in paragraphs 29-31, Microsoft has sold, at a minimum, at least

18   9,000 units of the Surface RT to customers in California, substantially more than

19   the minimum 100 class members required under CAFA.

20        43.     Plaintiff thus alleges a potential class with at least 100 members.

21        44.     For all the foregoing reasons, this action is properly removed to this

22   Court under CAFA.

23                                 Respectfully submitted,

24   Dated:  December 12, 2012     WILLENKEN WILSON LOH &

25                                 DELGADO LLP,

26

27                                 By: _____

28                                  William A. Delgado
                               Attorneys for Defendant
                               MICROSOFT CORPORATION

NOTICE OF REMOVAL
9

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MICROSOFT CORPORATION; and DOES 1-100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANDREW SOKOLOWSKI, an individual, on behalf of himself and all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 13 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Stanley Mosk Courthouse, Central District; 111 North Hill Street, Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso)*
BC 495538

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Rhett T. Francis, 5350 Topanga Canyon Blvd. Woodland Hills CA 91364 (818) 319-9879

| DATE: *(Fecha)* NOV 13 2012 A. CLARKE | Clerk, by *(Secretario)* Mary Flores | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Microsoft Corporation**

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

EXHIBIT ___A___ PAGE ___10___

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>The Law Offices of Rhett T. Francisco, Rhett T. Francisco (SBN 232749);<br>5350 Topanga Canyon Boulevard<br>Woodland Hills, California 91364<br><br>TELEPHONE NO.: 818-319-9879   FAX NO.:<br>ATTORNEY FOR *(Name)*: Andrew Sokolowski | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>NOV 13 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Mary Flores |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse

CASE NAME:
SOKOLOWSKI v. MICROSOFT CORPORATION

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>BC 4 9 5 5 3 8 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |

Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

Real Property
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

Non-PI/PD/WD (Other) Tort
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

Unlawful Detainer
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

Enforcement of Judgment
[ ] Enforcement of judgment (20)

Miscellaneous Civil Complaint
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

Judicial Review
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

Miscellaneous Civil Petition
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

Employment
[ ] Wrongful termination (36)
[ ] Other employment (15)

**2.** This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
**4.** Number of causes of action *(specify)*: 3
**5.** This case [✓] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 12, 2012
Rhett T. Francisco
_____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

EXHIBIT   A   PAGE   11

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT A PAGE 12

| SHORT TITLE:<br>SOKOLOWSKI v. MICROSOFT CORPORATION | CASE NUMBER<br>BC 49 5538 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 14   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br><br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,<br>       assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

EXHIBIT    A    PAGE  13

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SOKOLOWSKI v. MICROSOFT CORPORATION | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 2 of 4

EXHIBIT _____A_____ PAGE _14_


| SHORT TITLE: | CASE NUMBER |
|---|---|
| SOKOLOWSKI v. MICROSOFT CORPORATION | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)          **CIVIL CASE COVER SHEET ADDENDUM**          LASC, rule 2.0
LASC Approved 03-04              **AND STATEMENT OF LOCATION**               Page 3 of 4

EXHIBIT____A____ PAGE__15__



| SHORT TITLE: SOKOLOWSKI v. MICROSOFT CORPORATION | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: Westfield Century City Mall 10250 Santa Monica Blvd. |
|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90067 | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: November 12, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT    A    PAGE 16

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES
Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).



| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Kenneth Freeman | 322 | 1702 |
| Judge William F. Highberger | 307 | 1402 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

EXHIBIT____A____ PAGE 17

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

### What Is ADR:
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

### Mediation:
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

#### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

#### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

### Arbitration:
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

#### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

#### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

### Neutral Evaluation:
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

#### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

#### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

### Settlement Conferences:
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev.12-09)
LASC Approved 05-09

EXHIBIT_____A_____ PAGE___18

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

Party Select Panel — The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

Random Select Panel — The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

Private Neutral — The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR 005 (Rev.12-09)
LASC Approved 05-09

Page 2 of 2

EXHIBIT _A_ PAGE 19

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

## Information About Alternative Dispute Resolution:

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act**
**Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

**INFORMATION ABOUT**
**ALTERNATIVE DISPUTE RESOLUTION**

EXHIBIT ___A___ PAGE 20

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
  Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

EXHIBIT ___A___ PAGE ___21___

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

EXHIBIT ___A___ PAGE _22_

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

EXHIBIT __A__ PAGE __23__

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:              FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

 

EXHIBIT _____A_____ PAGE _24_

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
      (INSERT DATE)                                         (INSERT DATE).
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤          _____
        (TYPE OR PRINT NAME)                                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤          _____
        (TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤          _____
        (TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤          _____
        (TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤          _____
        (TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____ )
Date:

_____          ➤          _____
        (TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____ )
Date:

_____          ➤          _____
        (TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____ )



EXHIBIT ___A___   PAGE 25

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

EXHIBIT_____A_____ PAGE 26

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | ) | |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8..  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

EXHIBIT _____ A _____ PAGE 27

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

EXHIBIT _____A_____ PAGE _28_

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐    Request for Informal Discovery Conference
   - ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)<br>LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT _____A_____ PAGE _29_

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT _A_ PAGE _30_

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

EXHIBIT ___A___   PAGE ___31___

RHETT T. FRANCISCO(SBN 232749)
**THE LAW OFFICES OF RHETT T. FRANCISCO**
5350 TOPANGA CANYON BOULEVARD
WOODLAND HILLS, CALIFORNIA 91364
TEL: (818) 319-9879

PAWEL R. SASIK (SBN 240672)
**THE LAW OFFICE OF PAWEL R. SASIK**
5350 TOPANGA CANYON BOULEVARD
WOODLAND HILLS, CALIFORNIA 91364
TEL.: (310) 571-5206

ATTORNEYS FOR PLAINTIFF
ANDREW SOKOLOWSKI

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 13 2012

John A. Clarke, Executive Officer/Clerk
BY: _____, Deputy
Mary Flores.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ANDREW SOKOLOWSKI, an individual, on behalf of himself and all others similarly situated,<br><br>       PLAINTIFF,<br><br>    v.<br><br>MICROSOFT CORPORATION; and DOES 1-100, inclusive;<br><br>DEFENDANTS. | CASE NO.: BC 4 9 5 5 3 8<br><br>Unlimited Civil Case over $25,000<br><br>**COMPLAINT**<br><br>**[CLASS ACTION]**<br><br>1. VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT (California Civil Code §§ 1750 *et seq.*);<br>2. FALSE ADVERTISING (California Business and Professions Code §§ 17500 *et seq.*); and<br>3. UNFAIR BUSINESS PRACTICES (California Business and Professions Code §§ 17200 *et seq.*).<br><br>**JURY TRIAL DEMANDED** |

EXHIBIT __A__ PAGE __32__

1   , Plaintiff Andrew Sokolowski ("Plaintiff") brings this consumer class action on behalf of

2   himself and all other similarly situated consumers throughout the State of California, against

3   Defendant Microsoft Corporation ("Defendant" or "Microsoft"), and alleges as follows:

4   **JURISDICTION AND VENUE**

5   1.   This is a civil action by Plaintiff, on behalf of himself and all other people in the

6   State of California who purchased from Defendant a Microsoft Surface tablet computer running

7   the Windows RT operating system (the "Class") during the period beginning four years before the

8   filing of this complaint until the time of class certification (the "Class Period").

9   2.   Plaintiff seeks restitution from Defendant for violations of the False Advertising

10  Law and the Unfair Competition Law relating to Defendant's misrepresentations and material

11  omissions alleged in this Complaint.

12  3.   Plaintiff also seeks injunctive relief under the California Consumer Legal Remedies

13  Act.

14  4.   Plaintiff is an individual who purchased a Microsoft Surface tablet computer

15  running the Windows RT operating system in Los Angeles County, California.

16  5.   At all relevant times, Plaintiff was a resident of Los Angeles County, California.

17  6.   Venue as to Defendant is proper in this judicial district pursuant to California Code

18  of Civil Procedure sections 395(a) and 395.5 because the Plaintiff's injury occurred in the County

19  of Los Angeles and/or because the Defendant operates a retail store in Los Angeles County,

20  California, from which Plaintiff purchased a Microsoft Surface tablet computer running the

21  Windows RT operating System (the "Surface RT tablet").

22  **PARTIES**

23  7.   Plaintiff Andrew Sokolowski ("Plaintiff") is, and at all relevant times was, an

24  individual consumer residing in Los Angeles County, California.  On November 7, 2012, Plaintiff

25  purchased a Surface RT tablet with 32 gigabytes ("32 GB") of purported storage space for $499.00

26  from the Microsoft Store located at the Westfield Century City Mall in Los Angeles, California.

27  Plaintiff purchased the 32 GB Surface RT tablet primarily for personal, family or household use.

28  At the same time, Plaintiff also purchased a Microsoft "type cover," which is a traditional

2
COMPLAINT

EXHIBIT __A__   PAGE __33__

1 | keyboard integrated into a cover for the product, at an additional cost of $129.99.

2 |    8.    Plaintiff purchased his Surface RT tablet in reliance on Defendant's claims, on its

3 | website, advertisements, product packaging and on the placards placed next to the Surface RT

4 | tablet computers at the Microsoft Store, that the Surface RT tablet came equipped with 32 GB of

5 | storage space.

6 |    9.    Defendant Microsoft Corporation ("Defendant" or "Microsoft") is a corporation

7 | organized under the laws of the State of Washington with its headquarters at One Microsoft Way,

8 | Redmond, Washington 98052.  On information and belief, Microsoft markets, sells and distributes

9 | Surface RT tablets throughout the State of California, including Los Angeles County.

10 |    10.    The true names and capacities, whether individual, corporate, subsidiary,

11 | partnership, associate or otherwise of defendant Does 1 through 100, inclusive, are unknown to

12 | Plaintiff who therefore sues these defendants by such fictitious names pursuant to Cal. Civ. Proc.

13 | Code § 474.  Plaintiff will seek leave to amend this Complaint to allege the true names and

14 | capacities of Does 1 through 100, inclusive, when they are ascertained.

15 |    11.    On information and belief, Plaintiff alleges that the Defendants named in this

16 | Complaint, including Does 1 through 100, inclusive, are responsible in some manner for one or

17 | more of the events and happenings that proximately caused the injuries and damages hereinafter

18 | alleged.

19 |    12.    On information and belief, Plaintiff alleges that the Defendants named in this

20 | Complaint, including Does 1 through 100, inclusive, are, and at all times mentioned herein were,

21 | agents, servants, and/or employees of each of the other defendants and that each defendant was

22 | acting within the course of scope of his, hers or its authority as the agent, servant and/or employee

23 | of each of the other defendants.  Consequently, all the defendants are jointly and severally liable to

24 | Plaintiff and the other members of the Class, for the damages sustained as a proximate result of

25 | their conduct

26 | **NATURE OF THE ACTION**

27 |    13.    Microsoft was founded in 1975 by Bill Gates and Paul Allen.  Microsoft develops,

28 | manufactures, licenses and supports a wide range of products and services related to computing.

14.     In June 2012, Microsoft's Chief Executive Officer, Steve Ballmer, announced that Microsoft would release a tablet computer called the "Surface." A "tablet" computer is a general-purpose computer contained in a single panel which typically uses a touch screen as the input device rather than a traditional keyboard.

15.     Microsoft will eventually release two versions of the Surface tablet computer. The first version became available for purchase on or about October 26, 2012, and uses the Windows RT operating system (the "Surface RT tablet(s)"). The Surface RT tablet comes in two versions, one which Microsoft represents as having 32 gigabytes (32 GB) of storage space, and one which Microsoft represents as having 64 gigabytes (64 GB) of storage space. The 32 GB Surface RT tablet retails for approximately $499, or $599 if purchased with a cover with integrated "touch" keyboard. The 64 GB Surface RT tablet retails for approximately $699 with the integrated keyboard cover.

16.     In or about January 2013, Microsoft is scheduled to release another version of the Surface tablet that uses and runs its recently released Windows 8 operating system.

17.     Defendant employs false, deceptive and misleading practices in connection with marketing, selling, and distributing the Surface RT tablets. Specifically, in its advertising, marketing, and promotional materials, including Microsoft's internet website, product packaging, and product displays, Defendant misrepresents the Surface RT tablets as having either 32 GB or 64 GB of storage capacity. The only disclosure next to Defendant's representations on its website regarding storage capacity reads:

Storage       32 GB*; 64 GB
              *1GB = 1 billion bytes; formatted storage capacity may be less[1]

18.     On information and belief, Microsoft knows, but conceals and fails to disclose in its advertising, marketing or promotional materials, that the Windows RT operating system consumes approximately 16 GB of the represented storage capacity of the Surface RT tablets and that those 16 GBs are not, therefore, storage space that the consumer can actually use to store files after

[1] See http://www.microsoft.com/Surface/en-US/surface-with-windows-rt/specifications (last visited November 12, 2012).

EXHIBIT  A  PAGE  35

purchase. Thus for a consumer who purchases the 32 GB Surface RT tablet, as Plaintiff did, about 50% of the represented storage capacity is inaccessible and unusable. For purchasers of 64 GB Surface RT tablets, approximately 25% of the represented storage capacity is inaccessible and unusable.

19. Plaintiff purchased a 32 GB Surface RT tablet in reliance on Microsoft's misrepresentations and omissions. Microsoft's misrepresentations and omissions are deceptive and misleading because the omit material facts that an average consumer would consider in deciding whether to purchase its products, namely, that 16 GB of the represented storage capacity is, in fact, not available to the purchaser for storage.

20. After purchasing his Surface RT tablet, Plaintiff loaded music and some Word documents onto the tablet. While loading music onto his Surface RT tablet, Plaintiff was surprised when it notified him that the tablet no longer had enough storage capacity to accommodate additional files.

21. Microsoft continues to mislead consumers by representing that its Surface RT tablets are equipped with either 32 GB or 64 GB of storage space while concealing, omitting and failing to disclose that approximately 16 GB of that space is not available storage space that the purchaser can access and use to store his or her own files.

22. Plaintiff hereby brings this class action seeking redress for Defendant's unfair business practices, false or deceptive or misleading advertising, and violations of the Consumers Legal Remedies Act ("CLRA").

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of himself, and on behalf of all others similarly situated, as a class action pursuant to California Code of Civil Procedure § 382.

24. Plaintiff seeks to represent the following class:

All persons or entities in the State of California who purchased Microsoft Surface tablet computers running the Windows RT operating system for purposes other than resale or distribution at any time within the four years preceding the filing of this Complaint.

5
COMPLAINT

EXHIBIT A PAGE 36

25.     Plaintiff also seeks to represent a "CLRA Subclass" defined as:

All persons in the State of California who purchased Microsoft

Surface tablet computers running the Windows RT operating

system for personal, family or household use within the four years

preceding the filing of this Complaint.

26.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in California Code of Civil Procedure § 382.

27.     <u>Numerosity</u>: The number of class members is great, believed to be hundreds of consumers located throughout the State of California. Knowledge of the precise number of class members is presently within Defendant's sole control. It therefore is impractical to join each class member as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

28.     <u>Ascertainability</u>: Despite the size of the proposed classes, the class members are readily ascertainable through an examination of Microsoft's purchase records.

29.     <u>Common Questions Predominate</u>: Common questions of fact and of law predominate over individual issues which may affect individual Class members. These questions of law and fact include, but are not limited to:

a.     Whether Defendant's advertising, marketing, product packaging, and other promotional materials were untrue, misleading, or reasonably likely to deceive;

b.     Whether Defendant knew that its representations and/or omissions regarding the Surface RT tablets' storage capacity were false or misleading, but continued to make them;

c.     Whether Defendant's failure to disclose the amount of storage space consumed by the Windows RT operating system was a material fact;

d.     Whether Defendant's conduct violated the California Consumer Legal Remedies Act;

e.     Whether Defendant's conduct violated California Business and Professions

EXHIBIT____A____ PAGE 37

1    Code section 17500, *et seq.*;

2    f.    Whether Defendant's conduct violated California Business and Professions

3          Code section 17200 *et seq.*;

4    g.    Whether Plaintiff and other Class members were damaged and, if so, the

5          measure of damages;

6    h.    Whether Plaintiff and other Class members are entitled to restitution for

7          Defendant's conduct; and

8    i.    Whether Plaintiff and other Class members are entitled to declaratory or

9          injunctive relief.

10   30.   <u>Community of Interest</u>: There is a well-defined community of interest in the

11   questions of law and fact common to the class members, which are susceptible to common proof.

12   31.   <u>Typicality</u>: Plaintiff's claims are typical of the claims of the class members he

13   seeks to represent. Plaintiff and the Class members were affected by Defendant's uniform course

14   of conduct, e.g., Defendant deceived Plaintiff in the same manner that it deceived each member of

15   the Class.

16   32.   <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and

17   protect the interests of the Class in that he has no disabling conflicts of interest that would be

18   antagonistic to other members of the Class. Additionally, Plaintiff seeks relief that is not

19   antagonistic or adverse to the members of the Class in that the infringement of Plaintiff's rights

20   and the damages Plaintiff has suffered are typical of all other members of the Class. Moreover,

21   Plaintiff has retained counsel that is competent and experienced in class actions.

22   33.   <u>Superiority</u>: A class action is a superior method for the fair and efficient

23   adjudication of this controversy. The persons within the class are so numerous that joinder is

24   impracticable. The disposition of all claims of the members of the class in a class action, rather

25   than in individual actions, benefits the parties and the Court. The interest of the class members in

26   controlling the prosecution of separate claims against Defendant is small when compared with the

27   efficiency of a class action. In cases such as this, the likelihood of individual Class Members

28   prosecuting separate claims is remote and class action treatment will allow those similarly situated

7

COMPLAINT

EXHIBIT____A____PAGE____38

1  persons to litigate their claims in the manner that is most efficient and economical for the parties

2  and judicial system.  Further, if each consumer were required to file an individual lawsuit, the

3  corporate defendants would necessarily gain an unconscionable advantage since they would be

4  able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly

5  superior legal and financial resources.  Class treatment is also superior because it will obviate the

6  need for unduly duplicative litigation that might result inconsistent or varying adjudications with

7  respect to individual Class members against Defendant.

8       34.  Manageability: Although the number of class members is great, believed to be

9  hundreds of consumers, the matter is manageable as a class action and the evidence required to

10  establish liability and prove damages is readily available.

11       35.  Without Class certification and determination of declaratory, injunctive, statutory

12  and other legal questions within the class format, prosecution of separate actions by individual

13  members of the Class will create the risk of:

14       a.  Inconsistent or varying adjudications with respect to individual members of the

15           Class which would establish incompatible standards of conduct for the parties

16           opposing the Class; or

17       b.  Adjudication with respect to individual members of the Class which would as a

18           practical matter be dispositive of the interests of the other members not party to the

19           adjudication or substantially impair or impede their ability to protect their interests.

20       36.  Microsoft has acted or refused to act on the grounds generally applicable to the

21  Class, thereby making final injunctive relief appropriate with respect to the Class.

**FIRST CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT**

**(Cal. Civ. Code § 1750 _et seq._)**

**(By Plaintiff and the CLRA Subclass Against Defendants)**

26       37.  Plaintiff incorporates by reference all paragraphs previously alleged, as if fully set

27  forth herein.

28       38.  The Consumers Legal Remedies Act ("CLRA") applies to Defendant's actions and

8
COMPLAINT

EXHIBIT  A  PAGE  39

1   conduct because it extends to transactions that are intended to result, or which have resulted in the

2   sale of goods or services to consumers.

3       39.   Plaintiff and the CLRA Subclass members are consumers as defined by the CLRA

4   because they purchased a good, the Surface RT tablet, for personal, family, or household purposes.

5       40.   The products described herein, the Surface RT tablets, are "goods" within the

6   meaning of Cal. Civ. Code § 1761(a).

7       41.   Defendant is a supplier and/or seller as defined by the CLRA.

8       42.   Defendant's conduct described herein involves consumer transactions as defined by

9   the CLRA.

10      43.   Defendant violated California Civil Code section 1770(a)(5) by representing that

11  the Surface RT tablets had characteristics, uses, and benefits that it did not have, including

12  representations that they have either 32GB or 64GB of storage space when that is not, in fact, the

13  case.

14      44.   Defendant violated California Civil Code section 1770(a)(9) by advertising the

15  Surface RT tablets as having either 32GB or 64GB or storage capacity with the intent not to sell

16  them as advertised.

17      45.   Plaintiff relied on Defendant's misrepresentations and omissions regarding the

18  Surface RT tablets' storage capacity in deciding whether to purchase the product.

19      46.   At this time, Plaintiff disclaims any claim for damages under the CLRA but,

20  pursuant to California Civil Code § 1780, seeks an order of this Court enjoining Defendants from

21  continuing to engage, use, or employ any act prohibited by California Civil Code § 1770 et seq.

22  Plaintiff expressly reserves the right to amend this Complaint to seek damages.

23                     **SECOND CAUSE OF ACTION**

24            **FALSE AND MISLEADING ADVERTISING IN VIOLATION OF**

25        **CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500 et seq.**

26               **(By Plaintiff and the Class Against Defendants)**

27      47.   Plaintiff incorporates by reference all paragraphs previously alleged, as if fully set

28  forth herein.

EXHIBIT ___A___   PAGE 40

48.     California Business & Professions Code §§ 17500 *et seq*. makes it "unlawful for any person . . . corporation or association, or any employee thereof with intent directly or indirectly to dispose of . . . personal property . . . or anything of any nature whatsoever ... to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the Internet, any statement, concerning that . . . personal property . . . or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable case should be known, to be untrue or misleading . . . ."

49.     This cause of action is brought on behalf of Plaintiff individually and on behalf all consumers similarly situated who at any time within the four years preceding the filing of this Complaint purchased a Surface RT tablet after having been exposed to Defendants' advertising statements set forth herein.  Plaintiff has standing to pursue this claim, as he relied on Defendant's false advertising and has suffered injury in fact and has lost money as a result of Defendants' false advertising and unfair business practices.

50.     As alleged above, Defendant has engaged in a systematic campaign of advertising and marketing Surface RT tablets as possessing either 32 GB or 64 GB of storage capacity.  In connection with the sale of its Surface RT tablets, Defendant disseminated or caused to be disseminated false, misleading, and deceptive advertising regarding storage capacity to the general public through various forms of media, including but not limited to product packaging, product displays, labeling, advertising and marketing.  However, Defendant knew or reasonably should have known that the Surface RT tablets do not possess the advertised storage space.

51.     Defendant's actions constitute deceptive advertising within the meaning of California Business and Professions Code §§ 17500, *et seq*., because its advertising was likely to, and did, deceive Plaintiff and other reasonable consumers.

52.     As a proximate result of Defendant's conduct, Plaintiff and members of the Class were exposed to these misrepresentations, omissions and partial disclosures, purchased Surface

EXHIBIT   A    PAGE   41

1   RT tablet in reliance on these misrepresentations, omissions and partial disclosures, and suffered

2   monetary loss as a result. They would not have purchased the Surface RT tablets, or would have

3   paid significantly less for them, had they known the truth regarding the actual storage capacity.

4        53.   Defendant made such misrepresentations despite the fact that it knew or should

5   have known that the statements were false, misleading, and/or deceptive. Plaintiff and members

6   of the Class are entitled to restitution of such monies in an amount to be established by proof at the

7   time of trial.

8        54.   There were reasonably available alternatives to further Defendant's legitimate

9   business interests, other than the conduct described herein.

10        55.   On information and belief, Plaintiff alleges that Defendant has failed and refused,

11   and in the future will fail and refuse, to cease its deceptive advertising practices. Plaintiff is

12   informed and believes and thereon alleges that Defendant will continue to do those acts unless this

13   Court orders Defendant to cease and desist pursuant to California Business and Professions Code

14   section 17535.

15        56.   Pursuant to Business and Professions Code sections 17203 and 17535, Plaintiff and

16   the members of the Classes seek an order of this Court enjoining Defendant from continuing to

17   engage, use, or employ the above-described practices in advertising the sale of Surface RT tablets.

18   Likewise, Plaintiff and the members of the Classes seek an order requiring Defendant to make full

19   corrective disclosures to correct its prior misrepresentations, omissions, failures to disclose, and

20   partial disclosures.

21        57.   Additionally, Plaintiff requests an order awarding Plaintiff and the Class members

22   restitution of the money wrongfully acquired by Defendant in connection with the false and

23   misleading advertising described above.

24   **THIRD CAUSE OF ACTION**

25   **UNFAIR BUSINESS PRACTICES IN VIOLATION OF**

26   **CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, _et seq._**

27        58.   Plaintiff incorporates by reference all paragraphs previously alleged, as if fully set

28   forth herein.

EXHIBIT _A_ PAGE 42

59. California Business & Professions Code § 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." Plaintiff has standing to pursue this claim because he relied on Defendant's misrepresentations and omissions, suffered injury in fact and has lost money or property as a result of Defendant's unfair business practices.

60. As alleged above, Defendant has engaged in a systematic campaign of selling, distributing, advertising, and marketing Surface RT tablets as possessing either 32 GB or 64 GB of storage capacity.

61. Defendant systematically conceals, omits and fails to disclose that approximately 16 GB of the advertised storage capacity of its Surface RT tablets is actually consumed by the Windows RT operating system and is therefore inaccessible and unavailable to the purchaser for storing files.

62. Defendant knew, or should have known, that its misrepresentations, omissions, failure to disclosure and/or partial disclosures omit material facts and are likely to deceive a reasonable consumer.

63. Defendant continued to make such misrepresentations despite the fact it knew or should have known that its conduct was misleading and deceptive.

64. Plaintiff relied on Defendant's misrepresentations, omissions, failures to disclose and/or partial disclosures in deciding whether to purchase his Surface RT tablet.

65. As a proximate result of Defendant's conduct, Plaintiff and members of the Class were exposed to these misrepresentations and omissions, purchased a Surface RT tablet in reliance on these misrepresentations, and suffered monetary loss as a result. They would not have purchased said products, or would have paid significantly less for them, had they known the truth regarding their actual storage capacity.

66. Defendant made such misrepresentations and omissions despite the fact that they knew or should have known that the statements were false, misleading, and/or deceptive.

67. Defendant's business practices are fraudulent and/or deceptive within the meaning of Business and Professions Code §§ 17200, *et seq.* because Defendant's advertising, marketing,

EXHIBIT ___A___ PAGE 43

1 | product packaging, labeling, and product displays deceptively represent the Surface RT tablets'

2 | storage capacity and fails to disclose that 16 GB of storage space is consumed by the Windows RT

3 | operating system.  As a result, Defendant's misrepresentations and omissions are likely to deceive

4 | reasonable consumers and members of the public regarding the Surface RT tablets' storage

5 | capacity.

6 |       68.    Defendant's business practices, as alleged herein, are unfair and misleading within

7 | the meaning of Business and Professions Code §§ 17200 *et seq.* because the harm caused to the

8 | public as a result of such practices far outweighs any benefit conferred.

9 |       69.    Defendant's business practices, as alleged herein, are unlawful within the meaning

10 | of Business and Professions Code §§ 17200 *et seq.* because they constitute violations of Business

11 | and Professions Code §§ 17500, *et seq.* and California Civil Code § 1750 *et seq.* ("Consumer

12 | Legal Remedies Act"), as alleged above.

13 |       70.    As a direct and proximate result of Defendant's unlawful and fraudulent acts,

14 | Plaintiff and Class members have suffered injury in fact and lost money.

15 |       71.    Defendant continues to engage in the above-described deceptive acts and/or

16 | practices.  Defendant's unlawful, unfair and fraudulent business practices as alleged above present

17 | a continuing threat to Plaintiff, the Class, and members of the public.

18 |       72.    There were reasonably available alternatives to further Defendant's legitimate

19 | business interests, other than the conduct described herein.

20 |       73.    Plaintiff is informed and believes and thereon alleges that Defendant has failed and

21 | refused, and in the future will fail and refuse, to cease unfair, fraudulent, or deceptive practices.

22 | Plaintiff is informed and believes and thereon alleges that Defendant will continue to do those acts

23 | unless this Court orders Defendants to cease and desist pursuant to California Business and

24 | Professions Code section 17203.

25 |       74.    Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the

26 | members of the Class seek an order of this Court enjoining Defendant from continuing to engage,

27 | use, or employ the above-described practices in connection with advertising the sale of the Surface

28 | RT tablets.  Likewise, Plaintiff and the members of the Classes seek an order requiring Defendant

EXHIBIT _A_   PAGE 44

1 | to make full corrective disclosures to correct its prior misrepresentations, omissions, failures to
2 | disclose, and partial disclosures

3 |     75.     Additionally, Plaintiff requests an order awarding Plaintiff and the Class members
4 | restitution of the money wrongfully acquired by Defendant in connection with the false and
5 | misleading advertising described above.

6 | **PRAYER FOR RELIEF**

7 |     WHEREFORE, Plaintiff and members of the Class pray for judgment as follows:

8 |     1.     For an Order certifying this action as a class action, appointing Andrew Sokolowski
9 | as class representative, appointing his counsel as class counsel, and directing that reasonable
10 | notice of this action be given to members of the Class;

11 |     2.     For an Order finding and declaring Defendant's acts and practices as challenged
12 | herein unlawful, unfair, deceptive and/or fraudulent in violation of Cal. Bus. & Prof. Code §§
13 | 17200 et seq., 17500 et. seq. and Cal. Civ. Code §§ 1750 et seq.

14 |     3.     For an Order enjoining Defendant from engaging in the practices complained of
15 | and alleged herein;

16 |     4.     For an Order requiring Defendants to make restitution of all revenues, earnings,
17 | compensation and benefits obtained as a result of Defendant's wrongful conduct;

18 |     5.     For prejudgment interest to the extent permitted by law;

19 |     6.     For an award of attorneys' fees, costs, and expenses incurred in the investigation,
20 | filing, and prosecution of this action to the extent permitted by law; and

21 |     7.     For any other injunctive or declaratory relief as is necessary to protect the interests
22 | of Plaintiff and the Class;

23 |     8.     For any other relief the Court deems just and proper.

24 |
25 | ///
26 |
27 |
28 |

14
COMPLAINT

1

## DEMAND FOR JURY TRIAL

2    Plaintiff demands a jury trial in the above-captioned matter on all issues so triable.

3

4    DATED: November 13, 2012              THE LAW OFFICES OF
                                           RHETT T. FRANCISCO

5

6    _____
                              RHETT T. FRANCISCO

7

8    5350 Topanga Canyon Boulevard
     Woodland Hills, California 91364
     Phone: (818) 319-9879

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15
COMPLAINT

EXHIBIT ___A___ PAGE __46__

### PLAINTIFF'S AFFIDAVIT OF VENUE
### UNDER CALIFORNIA CIVIL CODE SECTION 1780(c)

I, Andrew J. Sokolowski, declare:

1.    I am the plaintiff in the above-captioned action, I have personal knowledge of the facts set forth herein and, if called as a witness. I could and would testify competently thereto.

2.    I am a resident of Los Angeles County, California.

3.    I viewed Defendant's advertisements, promotional materials, packaging and product displays for the Surface RT tablet computer within Los Angeles County, California.

4.    I purchased the Surface RT tablet computer discussed in the Complaint from a Microsoft Store located at the Westfield Century City Mall, which is located in Los Angeles County, California.

5.    I therefore believe that Los Angeles County is the correct venue for this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12th day of November 2012 at Torrance, California.


_____
Andrew J. Sokolowski

EXHIBIT ___A___ PAGE __47__

1

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA**

2

**COUNTY OF LOS ANGELES**

3

4

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 707 Wilshire Boulevard, Suite 3850, Los Angeles, CA 90017.

5

6

On the date below, I served the foregoing document(s), described as **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1446** on each of the interested parties in this action.

7

8

☒ By placing ☐ the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

9

Rhett T. Francisco                                  *Attorney(s) for Plaintiff*

The Law Offices of Rhett T. Francisco      *Andrew Sokolowski*

10

5350 Topanga Canyon Boulevard

Woodland Hills, CA 91364

11

Tel: (818) 319-9879

12

☐      **(BY U.S. MAIL)**  I placed such envelope in the mail at Los Angeles, California.  The

13

envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that

14

practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I

15

am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for

16

mailing in affidavit.

17

☒      **(VIA OVERNIGHT DELIVERY)**  I deposited in a box or other facility maintained

18

by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the

19

foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

20

☐      **(VIA MESSENGER SERVICE)**  By placing them in an envelope or package

21

addressed to the person(s) at the address(es) listed above and providing them to a professional messenger service for hand delivery.

22

☒      **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this

23

Court at whose direction the service was made.

24

Executed on **December 12, 2012**, at Los Angeles, California.

25

HELEN HSIAO                                        _____

26

(Type or Print Name)                            Signature

27

28

---

127876.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV12- 10641 MMM (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ANDREW SOKOLOWSKI | MICROSOFT CORPORATION |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Rhett T. Francisco | William A. Delgado (SBN 222666); Eileen M. Ahern (216822); |
| The Law Offices of Rhett T. Francisco | Nhan T. Vu (SBN 189508) |
| 5350 Topanga Canyon Blvd., Woodland Hills, CA 91364  Tel: (818) 319-9879 | WILLENKEN WILSON LOH & DELGADO LLP |
| | 707 Wilshire Blvd., Suite 3850, Los Angeles, CA 90017  Tel: (213) 955-9240 |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☐ 1 Original Proceeding    ☑ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

### V. REQUESTED IN COMPLAINT:   JURY DEMAND: ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☑ Yes  ☐ No        ☐ MONEY DEMANDED IN COMPLAINT: $ _____

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Consumer Legal Remedies Act § 1750; California Business and Professions Code § 17500; California Business and Professions Code § 17200

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12-10641**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Washington |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Los Angeles |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date December 12, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

## PROOF OF SERVICE

**STATE OF CALIFORNIA**

2

**COUNTY OF LOS ANGELES**

3

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 3850, Los Angeles, CA 90017.

5

6

On the date below, I served the foregoing document(s), described as **CIVIL COVER SHEET** on each of the interested parties in this action.

7

☒ By placing ☐ the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

8

9

Rhett T. Francisco
The Law Offices of Rhett T. Francisco
5350 Topanga Canyon Boulevard
Woodland Hills, CA 91364
Tel: (818) 319-9879

*Attorney(s) for Plaintiff*
*Andrew Sokolowski*

10

11

12

☐ **(BY U.S. MAIL)** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

15

16

☒ **(VIA OVERNIGHT DELIVERY)** I deposited in a box or other facility maintained by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

17

18

19

☐ **(VIA MESSENGER SERVICE)** By placing them in an envelope or package addressed to the person(s) at the address(es) listed above and providing them to a professional messenger service for hand delivery.

20

21

22

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

23

24

Executed on **December 12, 2012**, at Los Angeles, California.

25

HELEN HSIAO

(Type or Print Name)                          Signature

26

27

28