The Law Offices of Rhett T. Francisco
5350 Topanga Canyon Boulevard
Woodland Hills, CA  91364
Tel.: (818) 319-9879
Fax: (888) 390-4816

Rhett T. Francisco  (SBN 232749)
Email: rhett@francisco-law-firm.com
         rhett_francisco_law@yahoo.com

The Law Offices of Pawel R. Sasik
5350 Topanga Canyon Boulevard
Woodland Hills, CA  91364
Tel.: (310) 597-9674
Fax: (888) 390-4816

Pawel R. Sasik (SBN 240672)
E-mail: pawelsasik@gmail.com

Attorneys for Plaintiff
ANDREW SOKOLOWSKI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ANDREW SOKOLOWSKI, an individual; on behalf of herself, and on behalf of all others similarly situated;<br><br>          Plaintiff,<br>     v.<br><br>MICROSOFT CORPORATION; and DOES 1-100, inclusive,<br><br>          Defendants. | CASE NO: CV 12-10641  R (FMOx)<br><br>**DECLARATION OF RHETT T. FRANCISCO RE: (1) THE PARTIES' STIPULATION TO ARBITRATE PLAINTIFF'S CLAIMS, AND (2) DEFENDANT'S FAILURE TO MEET AND CONFER (PER LOCAL RULE 7-3) ABOUT THE MOTION TO COMPEL ARBITRATION**<br><br>Date: February 19, 2013<br>Time: 10:00 a.m.<br>Courtroom: 8 |

I, RHETT T. FRANCISCO, declare:

1.    I am an attorney at law licensed to practice before all California State courts, as well as all of the United States District Courts in California (including the Central District of California), and I am counsel for the Plaintiff, Andrew Sokolowski, in this action. All statements below are based on my personal knowledge, unless otherwise noted, and if called upon as a witness I would and could testify competently to the below statements under oath.

## THE PARTIES' STIPULATION TO ARBITRATE PLAINTIFF'S CLAIMS

2.    It was not until Defendant filed its Motion to Compel Arbitration on December 19, 2012 that Defendant provided Plaintiff with support, authority, or argument for its Motion.  (See ECF No. 7; see also paragraphs 14-23 of this Declaration, below, re: "Defendant's Failure to Meet & Confer Per Local Rule 7-3").

3.    After receiving the Motion and reading it, my office began to draft an Opposition to the Motion.  My office initially intended to file the Opposition on January 7th, three weeks before the initial hearing date of January 28, 2013 (per Local Rule 7-9).

4.    During my analysis of Defendant's Motion, I noticed that Defendant very clear acknowledges, in Sections III.C and III.D of the Motion, that "An Arbitrator Must Decide the Scope of the Arbitration Agreements," and that "An Arbitrator Also Must Decide the Validity of the Arbitration Agreements."  (See ECF No. 7, p. 12, line 22 through page p. 17, line 7).

5.    Out of respect for judicial efficiency, and in light of Defendant's very clear acknowledgments, in Sections III.C and III.D of the Motion, that "An Arbitrator Must Decide the Scope of the Arbitration Agreements," and that "An Arbitrator Also Must Decide the Validity of the Arbitration Agreements," I called Mr.

DECL. OF R.T.F. RE: THE PARTIES' STIP. TO ARB & DEF'S FAILURE TO MEET & CONFER

1   Delgado on January 7, 2013 in order to inquire about a stipulation to arbitrate

2   Plaintiff's claims.

3      6.   During our January 7th telephone conversation, I informed Mr. Delgado

4   that Plaintiff had drafted an Opposition to Microsoft's Motion to Compel

5   Arbitration, and that Plaintiff was prepared to finalize and file the Opposition.  But

6   I went on and discussed the substance of Plaintiff's claims with Mr. Delgado.

7      7.   **After quite a bit of discussion on January 7th, Mr. Delgado and I,**

8   **agreed, on behalf of our clients to execute a very simple stipulation** that the

9   parties would arbitrate Plaintiff's claims and (per Microsoft's

10  acknowledgement in its Motion) let the arbitrator decide the scope and

11  validity of the purported arbitration agreement(s).

12     8.   The terms of the agreement were very simple: Plaintiff's claims shall be

13  submitted to arbitration, the arbitrator  shall decide the scope and validity of the

14  purported arbitration agreement(s), and the instant District Court case shall be

15  stayed pending arbitration.

16     9.   Further on January 7th, Mr. Delgado agreed to draft the stipulation, and he

17  agreed that his client, Microsoft Corporation, would not file any further documents

18  regarding Microsoft's Motion to Compel Arbitration.  Because I trusted Mr.

19  Delgado to be true to his word and honor our agreement/stipulation, I agreed to

20  allow him to draft the stipulation for filing.

21     10.  Unfortunately, Mr. Delgado (1) waited until after Plaintiff's Opposition

22  was due to be filed to circulate the draft stipulation, and (2) attempted to include

23  additional provisions, including one that stated that the case would be submitted to

24  arbitration "on an individual basis."

25     11.  After reviewing the stipulation as drafted by Mr. Delgado, I called Mr.

26  Delgado and addressed the additional provisions he attempted to include in his

27  draft stipulation.  I communicated with him on several occasion between January

28  8th and January 15th, and I informed him of the discrepancy between what we

DECL. OF R.T.F. RE: THE PARTIES' STIP. TO ARB & DEF'S FAILURE TO MEET & CONFER

agreed to and what he had drafted.  Between January 8th and January 15th, I corrected the draft stipulation to reflect the parties' actual agreement/stipulation, and on January 14th, I informed Mr. Delgado that he could insert my "/S/" and file it.  (A true and correct copy of the parties' "Joint Stipulation to Arbitrate Plaintiff's Claims and Stay Action," as I corrected it to reflect the parties agreement, is attached hereto as Exhibit A; additionally, a true and correct copy of the red-lined version of the "Joint Stipulation to Arbitrate Plaintiff's Claims and Stay Action," that Mr. Delgado drafted and that I corrected, is attached hereto as Exhibit B).

12.  Because Mr. Delgado and his client do not want to honor their agreement regarding the stipulation, on January 14, 2013, Mr. Delgado filed a Reply in Support of Microsoft's Motion to Compel Arbitration.  (See ECF Nos. 15 and 16).

13.  In light of (1) the parties' agreement to stipulate, and (2) Mr. Delgado's January 7th agreement, on behalf of Microsoft, that Microsoft would not file any further documents regarding Microsoft's Motion to Compel Arbitration, the Court should disregard Microsoft's January 14th filings and simply issue an order that Plaintiff's claims are to be submitted to arbitration and that the arbitrator shall decide the scope and validity of the purported arbitration agreement(s).

## DEFENDANT'S FAILURE TO MEET & CONFER PER LOCAL RULE 7-3

14.  On November 13, 2012, I filed the instant Complaint on behalf of Plaintiff, Andrew Sokolowski, against Microsoft Corporation in the Los Angeles Superior Court.  (See ECF No. 1, p.2, lines 8-12 and 16-18).   That same day, Brian Atoigue, from my firm's legal service provider, Rapid Legal, Inc., served the Complaint on Microsoft Corporation's agent for service of process.  (See ECF No. 1, p.2, lines 13-14).

15.  Sometime between November 29 and December 3, 2012, I sent Defendant a letter, dated November 29th, regarding preservation of evidence. (A true and

DECL. OF R.T.F. RE: THE PARTIES' STIP. TO ARB & DEF'S FAILURE TO MEET & CONFER

1  correct copy of my November 29th letter to Mr. Delgado is attached hereto as

2  Exhibit C).

3      16.   On December 5, William Delgado sent me a letter stating that he

4  represents Microsoft Corporation in this matter, and that Microsoft is well aware of

5  its obligations regarding preservation of evidence.  (A true and correct copy of Mr.

6  Delgado's December 5th letter is attached hereto as Exhibit D).

7      17.   On December 9, in response to Mr. Delgado's December 5th letter, I sent

8  Mr. Delgado an e-mail wherein I introduced myself and asked "whether [he] would

9  like to discuss this matter and how the litigation will or may proceed." I closed my

10 December 9th e-mail by reiterating, "Please let me know if you would like to

11 discuss this matter. I will look forward to hearing from you." (A true and correct

12 copy of my December 9th e-mail to Mr. Delgado is attached hereto as Exhibit E).

13     18.   Neither Mr. Delgado nor any other representative of Microsoft Corporation

14 responded to my December 9th e-mail until after Mr. Delgado filed the Notice of

15 Removal on December 12th and had the Notice of Removal delivered to my

16 Woodland Hills office on December 13th, 2012.

17     19.   Mr. Delgado waited until 12:50 p.m. on December 13th to e-mail me with a

18 request that we meet and confer the next day about Microsoft's intent to file a

19 motion to compel arbitration.  (A true and correct copy of Mr. Delgado's

20 December 13th e-mail is attached hereto as Exhibit F).

21     20.   I promptly responded to Mr. Delgado via e-mail at 3:30 p.m. on December

22 13th.  In my e-mail, I stated, in part, "I am not available tomorrow because I have

23 depositions that are already scheduled.  I also have depositions scheduled for next

24 Monday.  However, I am available on Tuesday, December 18th in the afternoon.

25 Are you available then?  In the meantime, please provide me with 1) all of the

26 authority on which you will rely in your Motion to Compel Arbitration, and 2) the

27 arguments that you will assert (including the application of facts) that rely on the

28 aforementioned authority.  As I'm sure you understand, I disagree with your

DECL. OF R.T.F. RE: THE PARTIES' STIP. TO ARB & DEF'S FAILURE TO MEET & CONFER

1   version and characterization of the facts, as well as your conclusions.

2   Nevertheless, I will look forward to trying to work this out with you." (A true and

3   correct copy of my e-mail to Mr. Delgado of 3:30 p.m. on December 13th is

4   attached hereto as Exhibit G).

5      21.  Mr. Delgado then waited three and a half hours, until well after the close of

6   business, to respond to my e-mail.  In his e-mail of 6:59 p.m. on December 13th,

7   Mr. Delgado stated, in part, "My request for a meet and confer tomorrow is a

8   function of Local Rule 7-3 which requires a meet and confer to take place at least 5

9   days prior to the last day for filing the motion.  Pursuant to Fed. R. Civ. P.

10  81(c)(2)(C) Microsoft's [Motion to Compel Arbitration] is due on December 19,

11  2012.  Five days prior to December 19th is tomorrow." (A true and correct copy of

12  Mr. Delgado's e-mail to me of 6:59 p.m. on December 13th e is attached hereto as

13  Exhibit H).

14     22.  At 9:34 a.m. on December 14th, I sent Mr. Delgado a very lengthy e-mail

15  that responded to Mr. Delgado's  e-mail of 6:59 p.m. on December 13th.  In my

16  December 14th e-mail, I stated, in part:

17     With regard to your statements pertaining to Local Rule 7-3 and my availability

18     to meet and confer, your attempt to put the burden on me to make myself

19     available today for such purposes is ridiculous. You attempt to rely on the fact

20     that you, on behalf of Microsoft, have to meet and confer by today as a result of

21     FRCP 81(c)(2)(C) and Local Rule 7-3. However, you completely avoid the fact

22     that my client's State Court Complaint (and the accompanying CLRA letter)

23     was filed and served on Microsoft (as well as several other Microsoft

24     representatives/entities) more than a month ago on November 13, 2012. I then

25     sent your client a letter on December 3, regarding preservation of evidence.

26     Then on December 5, you sent me a letter stating that you represent Microsoft

27     in this matter. Then, on December 9, I sent you an e-mail wherein I introduced

28     myself and asked "whether you would like to discuss this matter and how the

DECL. OF R.T.F. RE: THE PARTIES' STIP. TO ARB & DEF'S FAILURE TO MEET & CONFER

litigation will or may proceed." (Please see the first e-mail in this string). I closed my December 9 e-mail by reiterating, "Please let me know if you would like to discuss this matter. I will look forward to hearing from you." You did not respond to my December 9 e-mail until after you filed the Notice of Removal on December 13.

I went on, in my December 14th e-mail, to state:

In light of the above timeline/sequence of facts, it is clear that you and your client then sat on the Complaint and the CLRA letter for weeks before taking any action to contact me. And then, when you did take action to contact me, you did not mention anything about removing the case to Federal Court until AFTER you already removed the case on December 13. In fact, you hid your intention to remove the case and you refused to address the issue, even though I very clearly asked you in my December 9 e-mail if you would like to discuss this matter and how the litigation will proceed. There should be no doubt that, as of your receipt of my e-mail on December 9, you and your client knew that you were going to remove the case and file a motion to compel arbitration in Federal Court. You should have informed me of your intention re: removal and the motion to compel arbitration then, and you should have also inquired as to my availability for a meet and confer at that time. If you had done so, I would have informed you that I could have met and conferred yesterday. But, you chose to delay and obfuscate and wait until AFTER you removed the case to contact me regarding meeting and conferring, and now you must accept the consequences of your inability to comply with Local Rule 7-3.

I went on further, in my December 14th e-mail, to state:

With regard to meeting and conferring, I have calendared a meet and confer for December 18th at 3 p.m. Please plan on meeting me at my Woodland Hills office (5350 Topanga Canyon Blvd.). In light of the above, it should be clear

DECL. OF R.T.F. RE: THE PARTIES' STIP. TO ARB & DEF'S FAILURE TO MEET & CONFER

1   that the aforementioned meet and confer has been scheduled as a result of your

2   actions (and inaction/delay), and not at my request.

3   I went even further, in my December 14th e-mail, and stated:

4       With regard to the substance and requirements of Local Rule 7-3, you very

5   conveniently and intentionally left out that the Rule requires a "thorough"

6   discussion. Your attempt to mis-quote the Local Rule does not reflect well on

7   your practice, and is unnecessary. You are not going to be able to pull a fast one

8   on either me, my firm, or the Court - if you think otherwise, I strongly

9   encourage you reassess your position. In light of the requirement that we

10  "discuss thoroughly, *preferably in person*, the substance of the contemplated

11  motion and any potential resolution," (emphasis in original), I am simply asking

12  you to provide the authority upon which you will rely and the arguments that

13  are based on that authority. Without such a foundation for our meet and confer,

14  how can we thoroughly discuss the validity and potential resolution of your

15  client's motion to compel arbitration? Even if you are still working on the

16  motion, you should know why you are pursuing such a motion and you should

17  be able to provide me with what you have so far. As of now, you haven't

18  provided me with any authority whatsoever.

19  (A true and correct copy of my e-mail to Mr. Delgado at 9:34 a.m. on December

20  14th is attached hereto as Exhibit I).

21     23.   Although I requested, several times, between December 14th and December

22  18th, that Mr. Delgado meet and confer to "discuss thoroughly" Microsoft's Motion

23  to Compel Arbitration, Mr. Delgado rebuffed my requests.  He did not respond to

24  inquiries I made regarding requests for support and authority.  In fact, as late as

25  December 18th (the day before Microsoft's Motion to Compel Arbitration was

26  due), during a telephone conversation I had with Mr. Delgado, he continued to

27  refuse to provide support and authority for Microsoft's position.  During our

28  December 18th telephone conversation, in response to my follow-up request for

DECL. OF R.T.F. RE: THE PARTIES' STIP. TO ARB & DEF'S FAILURE TO MEET & CONFER

1  support and authority, Mr. Delgado told me, "You'll get our Motion tomorrow, and

2  you can see what we're relying on then."

3

4      I declare under penalty of perjury under the laws of the United States that the

5  forgoing is true and correct.

6      Executed this 29th day of January 2013 at Woodland Hills, California.

7                                   */s/* Rhett T. Francisco

8                                   RHETT T. FRANCISCO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF R.T.F. RE: THE PARTIES' STIP. TO ARB & DEF'S FAILURE TO MEET & CONFER

# EXHIBIT A

*Sokolowski v. Microsoft Corporation*

Case No.  CV 12-10641-R (FMOx)

1  William A. Delgado (Bar No. 222666)
2  wdelgado@willenken.com
   Eileen M. Ahern (Bar No. 216822)
3  eahern@willenken.com
4  WILLENKEN WILSON LOH & DELGADO LLP
   707 Wilshire Blvd., Suite 3850
5  Los Angeles, California 90017
6  Telephone:  (213) 955-9240
   Facsimile:  (213) 955-9250
7
8  Attorneys for Defendant
   MICROSOFT CORPORATION
9
10 Rhett T. Francisco (SBN 232749)
   THE LAW OFFICES OF RHETT T. FRANCISCO
11 5350 Topanga Canyon Boulevard
12 Woodland Hills, California  91364
   Telephone:  (818) 319-9879
13
14 Attorneys for Plaintiff
   ANDREW SOKOLOWSKI
15

16            UNITED STATES DISTRICT COURT

17           CENTRAL DISTRICT OF CALIFORNIA

18

19 | ANDREW SOKOLOWSKI, an | Case No.: 12-CV-10641-MRP-FMOx |
20 | individual, on behalf of himself and all others similarly situated, | **JOINT STIPULATION TO** |
21 |  | **ARBITRATE PLAINTIFF'S** |
   |  | **CLAIMS AND STAY ACTION** |
22 | Plaintiff, |  |
23 | v. | Assigned to The Hon. Mariana R. Pfaelzer |
24 | MICROSOFT CORPORATION; and |  |
25 | DOES 1-100, inclusive, |  |
26 | Defendants. |  |
27 |  |  |
28 |  |  |

JOINT STIPULATION TO ARBITRATE PLAINTIFF'S CLAIMS AND STAY ACTION

1   TO THIS HONORABLE COURT:

2        This Joint Stipulation to Arbitrate Plaintiff's Claims and Stay Action is

3   made and entered into between Plaintiff Andrew Sokolowski ("Sokolowski") and

4   Defendant Microsoft Corporation ("Microsoft"), by and through their respective

5   counsel, with reference to the following facts:

6        A.      On November 13, 2012, Sokolowski filed this action in the Superior

7   Court of the State of California for the County of Los Angeles against Microsoft

8   alleging violations of the Consumers Legal Remedies Act (California Civil Code

9   §§ 1750 *et seq.*), false advertising (California Business & Professions Code §§

10  17500 *et seq.*), and unfair business practices (California Business & Professions

11  Code §§ 17200 *et seq.*)

12       B.      On December 12, 2012, Microsoft removed this action to the United

13  States District Court for the Central District of California.

14       C.      On December 19, 2012, pursuant to the Federal Arbitration Act, 9

15  U.S.C. § 1 *et seq.*, Microsoft filed a Motion to Compel Arbitration and Stay

16  Action ("Motion") requesting that: (i) Plaintiff be compelled to arbitrate his

17  individual claims and (ii) this action be stayed pending arbitration.

18       D.      Subsequent to the filing of the Motion, the parties agreed to proceed

19  with arbitration and stay this action.

20       NOW, THEREFORE, THE PARTIES STIPULATE THAT:

21       1.      Plaintiff's claims shall be submitted to arbitration before the

22  American Arbitration Association.

23       2.      This action shall be stayed pending arbitration pursuant to 9 U.S.C. §

24  3. The parties shall file a joint status report notifying this Court of the result of the

25  arbitration or any settlement of the matter within ten (10) calendar days of the

26  occurrence of such event.

27       3.      Microsoft's Motion is withdrawn without prejudice, and the hearing

28  date for the Motion (January 28, 2013) is taken off-calendar.

JOINT STIPULATION TO ARBITRATE PLAINTIFF'S CLAIMS AND STAY ACTION
1

1    **SO STIPULATED.**

2

3    Dated: January 14, 2013          WILLENKEN WILSON LOH &
                                       DELGADO LLP
4

5                                      By: /s/
6                                          William A. Delgado
                                           Attorneys for Defendant
7                                          MICROSOFT CORPORATION

8    Dated: January 14, 2013          THE LAW OFFICES OF RHETT T.
                                       FRANCISCO
9

10

11                                     By: /s/
                                           Rhett T. Francisco
12                                         Attorneys for Plaintiff
                                           ANDREW SOKOLOWSKI
13

14                                         * By authorization

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION TO ARBITRATE PLAINTIFF'S CLAIMS AND STAY ACTION
2

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that I electronically filed the foregoing with the Clerk of the

4   Court using the CM/ECF system which will send notification of such filing to the

5   Electronic Service List for this Case.

6   Dated: January 14, 2013              WILLENKEN WILSON LOH &
                                          DELGADO LLP
7

8                                         By: /s/ William A. Delgado
                                              William A. Delgado
9                                             Attorneys for Defendant
10                                            MICROSOFT CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION TO ARBITRATE PLAINTIFF'S CLAIMS AND STAY ACTION

3

# EXHIBIT B

*Sokolowski v. Microsoft Corporation*

Case No.  CV 12-10641-R (FMOx)

1   William A. Delgado (Bar No. 222666)
    wdelgado@willenken.com
2   Eileen M. Ahern (Bar No. 216822)
3   eahern@willenken.com
    WILLENKEN WILSON LOH & DELGADO LLP
4   707 Wilshire Blvd., Suite 3850
5   Los Angeles, California 90017
    Telephone:  (213) 955-9240
6   Facsimile:  (213) 955-9250
7

8   Attorneys for Defendant
    MICROSOFT CORPORATION
9

10  Rhett T. Francisco (SBN 232749)
    THE LAW OFFICES OF RHETT T. FRANCISCO
11  5350 Topanga Canyon Boulevard
12  Woodland Hills, California  91364
    Telephone:  (818) 319-9879
13

14  Attorneys for Plaintiff
    ANDREW SOKOLOWSKI
15

16                    UNITED STATES DISTRICT COURT

17                  CENTRAL DISTRICT OF CALIFORNIA

18

| 19 | ANDREW SOKOLOWSKI, an individual, on behalf of himself and all others similarly situated, | Case No.: 12-CV-10641-MRP-FMOx |
|----|----|----|
| 20 | | |
| 21 | | **JOINT STIPULATION TO ARBITRATE PLAINTIFF'S CLAIMS AND STAY ACTION** |
| 22 | Plaintiff, | |
| 23 | v. | Assigned to The Hon. Mariana R. Pfaelzer |
| 24 | MICROSOFT CORPORATION; and DOES 1-100, inclusive, | |
| 25 | | |
| 26 | Defendants. | |
| 27 | | |
| 28 | | |

JOINT STIPULATION TO ARBITRATE PLAINTIFF'S CLAIMS AND STAY ACTION

1    TO THIS HONORABLE COURT:

2          This Joint Stipulation to Arbitrate Plaintiff's Claims and Stay Action is

3    made and entered into between Plaintiff Andrew Sokolowski ("Sokolowski") and

4    Defendant Microsoft Corporation ("Microsoft"), by and through their respective

5    counsel, with reference to the following facts:

6          A.     On November 13, 2012, Sokolowski filed this action in the Superior

7    Court of the State of California for the County of Los Angeles against Microsoft

8    alleging violations of the Consumers Legal Remedies Act (California Civil Code

9    §§ 1750 *et seq.*), false advertising (California Business & Professions Code §§

10   17500 *et seq.*), and unfair business practices (California Business & Professions

11   Code §§ 17200 *et seq.*)

12         B.     On December 12, 2012, Microsoft removed this action to the United

13   States District Court for the Central District of California.

14         C.     On December 19, 2012, pursuant to the Federal Arbitration Act, 9

15   U.S.C. § 1 *et seq.*, Microsoft filed a Motion to Compel Arbitration and Stay

16   Action ("Motion") requesting that: (i) Plaintiff be compelled to arbitrate his

17   individual claims and (ii) this action be stayed pending arbitration.

18         D.     Subsequent to the filing of the Motion, the parties agreed to proceed

19   with arbitration and stay this action.  ~~In its Motion, Microsoft relied upon~~

20   ~~Sokolowski's acceptance of the Surface Limited Warranty, which was enclosed in~~

21   ~~the box containing the Surface device and contains an arbitration provision in~~

22   ~~Section 8, as well as Sokolowski's acceptance of the Microsoft Software License~~

23   ~~Agreement for Windows RT ("License Agreement"), which appears on the screen~~

24   ~~of the Surface device during the initial set-up and also contains an arbitration~~

25   ~~provision in Section 2.~~

26         NOW, THEREFORE, THE PARTIES STIPULATE THAT:

27         1.     ~~Pursuant to the Federal Arbitration Act and the arbitration provisions~~

28

JOINT STIPULATION TO ARBITRATE PLAINTIFF'S CLAIMS AND STAY ACTION

1

1    ~~in Section 8 of the Surface Limited Warranty and Section 2 of the License~~
2    ~~Agreement,~~ Plaintiff's claims shall be submitted to arbitration ~~on an individual~~
3    ~~basis~~ before the American Arbitration Association.

4        2.      This action shall be stayed pending arbitration pursuant to 9 U.S.C. §
5    3. The parties shall file a joint status report notifying this Court of the result of the
6    arbitration or any settlement of the matter within ten (10) calendar days of the
7    occurrence of such event.

8        3.      Microsoft's Motion is withdrawn without prejudice, and the hearing
9    date for the Motion (January 28, 2013) is taken off-calendar.

10       **SO STIPULATED**.

11

12   Dated: <u>January 14, 2013</u>          WILLENKEN WILSON LOH &
13                                           DELGADO LLP

14                                           By: <u>/s/</u>
15                                               William A. Delgado
16                                               Attorneys for Defendant
                                                 MICROSOFT CORPORATION
17
18   Dated: <u>January 14, 2013</u>          THE LAW OFFICES OF RHETT T.
                                             FRANCISCO
19

20                                           By: <u>/s/</u>
21                                               Rhett T. Francisco
                                                 Attorneys for Plaintiff
22                                               ANDREW SOKOLOWSKI

23                                               * By authorization

24

25

26

27

28

JOINT STIPULATION TO ARBITRATE PLAINTIFF'S CLAIMS AND STAY ACTION
2

1

## CERTIFICATE OF SERVICE

2

3    I hereby certify that I electronically filed the foregoing with the Clerk of the

4    Court using the CM/ECF system which will send notification of such filing to the

5    Electronic Service List for this Case.

6    Dated:  January 14, 2013            WILLENKEN WILSON LOH &
                                         DELGADO LLP
7

8                                        By: /s/ William A. Delgado
                                             William A. Delgado
9                                            Attorneys for Defendant
10                                           MICROSOFT CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION TO ARBITRATE PLAINTIFF'S CLAIMS AND STAY ACTION

3

# EXHIBIT C

*Sokolowski v. Microsoft Corporation*

Case No.  CV 12-10641-R (FMOx)

THE LAW OFFICES OF

# RHETT T. FRANCISCO

Main Office: 5350 Topanga Canyon Boulevard, Woodland Hills, California 91364
Satellite Offices: Encino, California & Valencia, California
Phone: (818) 319-9879

November 29, 2012

## VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
(Please see the attached "Mailing/Service List")

**Addressees:**

1. **Microsoft Corporation** (see attached "Mailing / Service List" – 3 locations)
2. **Microsoft Store 616** (see attached "Mailing / Service List")
3. **Digital River** (see attached "Mailing / Service List")

Re: Sokolowski v. Microsoft (Los Angeles Superior Court Case # BC495538).

## NOTICE TO PRESERVE INFORMATION AND DOCUMENTS
### (including electronically stored information)

Dear Sir or Madam:

I represent Mr. Sokolowski in the above referenced lawsuit. If you or your company is represented by an attorney, please stop reading this letter and forward it to your counsel immediately the above-referenced case, as well as this letter, requires immediate action.

This notice to preserve information and documents (including, but not limited to, electronically stored information) and the law pertaining to preservation of information, including, but not limited to, California state laws and statutes and/or Federal laws and statues require the preservation of any and all information pertaining to the Microsoft Surface Tablet, the subject of the above referenced lawsuit.

Pursuant to the duties imposed by law, it is imperative that you, and any person or entity in or under your control, preserve and maintain all documents, writings (as the term "writing" is defined in California Evidence Code § 250, including but not limited to, all electronic data, e-mails, digital photographs, and/or digital files stored on any hard disk, tape drive, CD-ROM or other digital devices), records, notes, e-mail, faxes, electronic information, tapes, computerized storage devices, any and all other media and methods of storage, and all other forms of communication or storage of data (whether now known or created in the future) that relate in any way or manner to the above-referenced lawsuit. .

The duty imposed by law requires, among other things, that you, and any person or entity in or under your control, preserve and maintain any and all information related to Microsoft Corporation's website, located at http://www.microsoft.com. Among the data that must be preserved are images, computer code, text, copy, URLs, and any and all versions of, and/or changes related to, Defendant Microsoft Corporation's website from June 1, 2012 and going forward indefinitely or until the instant lawsuit is resolved.

1 of 3

The duty imposed by law requires that you, and any person or entity in or under your control, preserve and maintain any and all communications related to changes made to the Microsoft Corporation's website from June 1, 2012 and going forward indefinitely or until the instant lawsuit is resolved.

The duty imposed by law requires that you, and any person or entity in or under your control, preserve and maintain any and all advertisements related to the Microsoft Surface Tablet, including but not limited to, written, electronic, audio, television, and print, advertisements, distributed via any media or platform, from June 1, 2012 and going forward indefinitely or until the instant lawsuit is resolved.

The duty imposed by law requires that you, and any person or entity in or under your control, preserve and maintain any and all information related to the Microsoft Surface Tablet stored on your computers or computer storage systems, including computers or computer storage systems maintained or controlled by any individual or entity who is, was, or has been subject to your instruction, direction, or control from June 1, 2012 and going forward indefinitely or until the instant lawsuit is resolved. Such information includes, but is not limited to, electronic tapes, drives, CD's and DVD's, regardless of location).

The duty imposed by law requires that you, and any person or entity in or under your control, preserve and maintain any and all information related to any customer contact, customer support, or customer communications related to the Microsoft Surface Tablet.

The duty imposed by law requires that you, and any person or entity in or under your control, preserve and maintain any and all information related to any technical specifications, storage specifications, design specifications, related to the Microsoft Surface Tablet.

For the above referenced matter you are hereby given notice to preserve and not to destroy, erase, conceal, change, or alter any paper and/or electronic files, or any other data generated by, or stored on, your computers or storage media (such as: hard disk drives, floppy disks, CD's, DVD's, backup drives, backup tapes, or any other electronic data) related in any way to the Microsoft Surface Tablet.

You are hereby instructed to provide notification of this Notice to Preserve to any and all individuals or entities who or that are, were, or have been subject to your instruction, direction, or control from June 1, 2012 and going forward indefinitely or until the instant lawsuit is resolved.

Your failure to comply with this notice can result in severe sanctions being imposed by the Court for the spoliation of evidence or potential evidence.

For the above referenced matter you are hereby given notice to preserve and not to destroy, erase, conceal, change, or alter, and you are instructed to give notice to any and all individuals or entities who are, were, or have been subject to your instruction, direction, or control from June 1, 2012 and going forward indefinitely or until the instant lawsuit is resolved not to destroy , erase, conceal, change, or alter any paper and/or electronic files, or any other data generated by, or stored on, any computer or storage media, whether third party or otherwise(including, but not limited to, hard disk drives, electronic drives, floppy disks, CD's, DVD's, backup drives, backup tapes, and any other electronic data) related in any way to the Microsoft Surface Tablet. Your failure to comply with this notice can result in severe sanctions being imposed by the Court for the spoliation of evidence or potential evidence.

You are under a legal obligation to preserve maintain, and protect, all potential relevant evidence including electronic evidence. The failure to preserve and retain the evidence outlined in this notice may

2 of 4

constitute a spoliation of evidence and may subject you to legal claims for damages in addition to evidentiary and monetary sanctions.

Extra care should be taken pertaining to electronic data and writings, which can be erased by the mere storage of new data. Electronic writings should not be altered, overwritten, replaced, or erased.

If you have any questions whatsoever, please contact me or have your attorney contact me. My office will be happy to provide additional information or assistance in order to help facilitate your compliance with this notice.

Sincerely,

The Law Offices of Rhett T. Francisco

By _____

Rhett T. Francisco
Attorney for Andrew Sokolowski,
and on behalf of all others similarly situated.

3 of 4

## MAILING / SERVICE LIST
(For Microsoft Notice of Consumer Legal Remedies Act Violations)

**\*\*\*ALL VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED\*\*\***

**Microsoft Corporation**
c/o Corporation Service Company, d.b.a. CSC – Lawyers Incorporating Service (as agent for service of process)
2710 Gateway Oaks Drive, Suite 150N
Sacramento, California 95833

9414 7112 0108 0214 9390 62

CERTIFIED MAIL
TRACKING NUMBER

**Microsoft Corporation**
One Microsoft Way
Redmond, Washington 98052-6399

9414 7112 0108 0214 9358 73

CERTIFIED MAIL
TRACKING NUMBER

**Microsoft Corporation**
c/o Steven A. Ballmer (CEO, Microsoft Corporation)
One Microsoft Way
Redmond, Washington 98052-7329

9414 7112 0108 0214 9381 52

CERTIFIED MAIL
TRACKING NUMBER

**Microsoft Store 616**
10250 Santa Monica Blvd.
Los Angeles, California 90067

9414 7112 0108 0214 9197 43

CERTIFIED MAIL
TRACKING NUMBER

**Digital River, Inc.**
c/o Corporation Service Company Which Will Do Business In California As CSC – Lawyers Incorporating
Service
2710 Gateway Oaks Dr. Ste 150N
Sacramento, California 95833

9414 7112 0108 0214 9150 28

CERTIFIED MAIL
TRACKING NUMBER

**Digital River, Inc.**
10380 Bren Road West
Minnetonka, Minnesota 55343

9414 7112 0108 0214 9189 82

CERTIFIED MAIL
TRACKING NUMBER

4 of 4

# EXHIBIT D

*Sokolowski v. Microsoft Corporation*

Case No.  CV 12-10641-R (FMOx)



# WILLENKEN
### WILLENKEN WILSON LOH & DELGADO LLP

William A. Delgado
E-Mail: wdelgado@willenken.com

December 5, 2012

**VIA E-MAIL AND U.S. MAIL**

Rhett Francisco, Esq.
Law Offices of Rhett T. Francisco
5350 Topanga Canyon Blvd.
Woodland Hills, CA 91364

Re:  *Sokolowski v. Microsoft Corp.*
     Case No.: LASC BC495538

Dear Mr. Francisco:

My office represents defendant Microsoft Corporation in the above-referenced matter.  Your letter of November 29, 2012 regarding evidence preservation has been forwarded to me.

At present, I need not address either the scope or the merits of the statements contained in your letter.  Suffice it to say that Microsoft is well aware of its obligations to preserve evidence and has been diligently taking action to satisfy those obligations even before receiving your letter on December 3, 2012.

Should you have any questions regarding the foregoing, please call.

Very truly yours,

William A. Delgado

707 WILSHIRE BOULEVARD, SUITE 3850, LOS ANGELES, CALIFORNIA 90017
213.955.9240 / 213.955.9250 FAX
www.willenken.com

# EXHIBIT E

*Sokolowski v. Microsoft Corporation*

Case No.  CV 12-10641-R (FMOx)

| Subject: | Sokolowski v. Microsoft − LASC BC495538 |
|---|---|
| From: | The Law Offices of Rhett T. Francisco (rhett_francisco_law@yahoo.com) |
| To: | wdelgado@willenken.com; |
| Date: | Sunday, December 9, 2012 2:56 PM |

Mr. Delgado,

I am in receipt of your correspondence dated December 5, 2012, wherein you acknowledge that "Microsoft is well aware of its obligations to preserve evidence and [that Microsoft] has been diligently taking action to staisfy those obligations even before receiving [my] letter on December 3, 2012."

Thank you for your response.

I am writing now to introduce myself, and to inquire as to whether you would like to discuss this matter and how the litigation will or may proceed, as well as the possibility of our agreeing to an amicable resolution before we have to launch into potentially protracted litigation. Please let me know if you would like to discuss this matter. I will look forward to hearing from you.

Best,

Rhett Francisco*

The Law Offices of Rhett T. Francisco

### EMPLOYMENT - CONSUMER - INJURY
*attorneys*

Phone:
818-319-9879
424-262-2602

Main Office:**
5350 Topanga Cyn. Blvd.
Woodland Hills, CA 91364

Satellite Offices:
Encino & Valencia

*Super Lawyers*, a publication of Thomson Reuters, has *recognized Mr. Francisco as a 2012 "Rising Star."* an honor bestowed on no more than 2.5% of Southern California attorneys who are 40 years old or younger.

**Please send all mailings to the main office.

For more information about The Law Offices of Rhett T. Francisco, please visit the firm's website at www.francisco-law-firm.com or the firm's Facebook profile (search words: "Francisco Law Firm").
-------------------------------------------
CONFIDENTIALITY NOTICE: This e-mail and any files attached may contain confidential information that is legally privileged. If you are not the intended recipient or a person responsible for delivering it, you are hereby notified that any disclosure, copying, distribution, or use of any of the information contained in, or attached to, this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender and destroy the original transmission and its attachments without reading or saving it in any manner.

# EXHIBIT F

*Sokolowski v. Microsoft Corporation*

Case No.  CV 12-10641-R (FMOx)

| Subject: | RE: Sokolowski v. Microsoft – LASC BC495538 |
| --- | --- |
| From: | William Delgado (wdelgado@willenken.com) |
| To: | rhett_francisco_law@yahoo.com; |
| Cc: | hhsiao@willenken.com; |
| Date: | Thursday, December 13, 2012 12:50 PM |

Mr. Francisco:

Thank you for your e-mail. In terms of how this matter will proceed, as you likely know by now, Microsoft has removed this case to the United States District Court. Microsoft intends to file a motion to compel arbitration because your client, Mr. Sokolowski, agreed to arbitrate his individual claim before the American Arbitration Association under the terms of the Surface Limited Warranty and the Microsoft Software License Agreement. Pursuant to the Federal Arbitration Act, Microsoft is entitled to seek compulsion of the arbitration and a stay of the district court matter pending arbitration.

I would like to meet and confer with you tomorrow regarding our motion as required by Local Rule 7-3. Please let me know what time works best for you.

Very truly yours,

William A. Delgado

**From:** The Law Offices of Rhett T. Francisco [mailto:rhett_francisco_law@yahoo.com]
**Sent:** Sunday, December 09, 2012 2:57 PM
**To:** William Delgado
**Subject:** Sokolowski v. Microsoft - LASC BC495538

Mr. Delgado,

I am in receipt of your correspondence dated December 5, 2012, wherein you acknowledge that "Microsoft is well aware of its obligations to preserve evidence and [that Microsoft] has been diligently

taking action to staisfy those obligations even before receiving [my] letter on December 3, 2012."

Thank you for your response.

I am writing now to introduce myself, and to inquire as to whether you would like to discuss this matter and how the litigation will or may proceed, as well as the possibility of our agreeing to an amicable resolution before we have to launch into potentially protracted litigation.  Please let me know if you would like to discuss this matter.  I will look forward to hearing from you.

Best,

Rhett Francisco*

The Law Offices of Rhett T. Francisco

**_EMPLOYMENT - CONSUMER - INJURY_**
**attorneys**

Phone:

818-319-9879

424-262-2602

Main Office:**
5350 Topanga Cyn. Blvd.

Woodland Hills, CA 91364

Satellite Offices:
Encino & Valencia

*Super Lawyers*, a publication of Thomson Reuters, has *recognized Mr. Francisco as a 2012 "Rising Star,"* an honor bestowed on no more than 2.5% of Southern California attorneys who are 40 years old or younger.


**Please send all mailings to the main office.


For more information about The Law Offices of Rhett T. Francisco, please visit the firm's website at www.francisco-law-firm.com or the firm's Facebook profile (search words: "Francisco Law Firm").

---------------------------------------------

CONFIDENTIALITY NOTICE: This e-mail and any files attached may contain confidential information that is legally privileged. If you are not the intended recipient or a person responsible for delivering it, you are hereby notified that any disclosure, copying, distribution, or use of any of the information contained in, or attached to, this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender and destroy the original transmission and its attachments without reading or saving it in any manner.

# EXHIBIT G

*Sokolowski v. Microsoft Corporation*

Case No.  CV 12-10641-R (FMOx)

| Subject: | Sokolowski v. Microsoft – LASC BC495538 – Microsoft's Motion to Compel Arbitration |
| --- | --- |
| From: | The Law Offices of Rhett T. Francisco (rhett_francisco_law@yahoo.com) |
| To: | wdelgado@willenken.com; |
| Date: | Thursday, December 13, 2012 3:30 PM |

Mr. Delgado,

Thank you for your e-mail. I have not yet seen the Notice of Removal, but I understand that a package as delivered from your office today (I am assuming that that package is the Notice of Removal). I will look forward to taking a look at it shortly.

Unfortunately, I am not available tomorrow because I have depositions that are already scheduled. I also have depositions scheduled for next Monday. However, I am available on Tuesday, December 18th in the afternoon. Are you available then?

In the meantime, please provide me with 1) all of the authority on which you will rely in your Motion to Compel Arbitration, and 2) the arguments that you will assert (including the application of facts) that rely on the aforementioned authority.

As I'm sure you understand, I disagree with your version and characterization of the facts, as well as your conclusions. Nevertheless, I will look forward to trying to work this out with you.

Best,

Rhett Francisco

The Law Offices of Rhett T. Francisco

**_EMPLOYMENT - CONSUMER - INJURY_**
    _attorneys_

Phone:
818-319-9879
424-262-2602

Main Office:**
5350 Topanga Cyn. Blvd.
Woodland Hills, CA 91364

Satellite Offices:
Encino & Valencia

**From:** William Delgado <wdelgado@willenken.com>
**To:** The Law Offices of Rhett T. Francisco <rhett_francisco_law@yahoo.com>
**Cc:** Helen Hsiao <hhsiao@willenken.com>
**Sent:** Thursday, December 13, 2012 12:50 PM
**Subject:** RE: Sokolowski v. Microsoft - LASC BC495538

Mr. Francisco:

Thank you for your e-mail. In terms of how this matter will proceed, as you likely know by now, Microsoft has removed this case to the United States District Court. Microsoft intends to file a motion to compel arbitration because your client, Mr. Sokolowski, agreed to arbitrate his individual claim before the American Arbitration Association under the terms of the Surface Limited Warranty and the Microsoft Software License Agreement. Pursuant to the Federal Arbitration Act, Microsoft is entitled to seek compulsion of the arbitration and a stay of the district court matter pending arbitration.

I would like to meet and confer with you tomorrow regarding our motion as required by Local Rule 7-3. Please let me know what time works best for you.

Very truly yours,

William A. Delgado

---

**From:** The Law Offices of Rhett T. Francisco [mailto:rhett_francisco_law@yahoo.com]
**Sent:** Sunday, December 09, 2012 2:57 PM
**To:** William Delgado
**Subject:** Sokolowski v. Microsoft - LASC BC495538

Mr. Delgado,

I am in receipt of your correspondence dated December 5, 2012, wherein you acknowledge that "Microsoft is well aware of its obligations to preserve evidence and [that Microsoft] has been diligently taking action to staisfy those obligations even before receiving [my] letter on December 3, 2012."

Thank you for your response.

I am writing now to introduce myself, and to inquire as to whether you would like to discuss this matter and how the litigation will or may proceed, as well as the possibility of our agreeing to an amicable resolution before we have to launch into potentially protracted litigation. Please let me know if you would like to discuss this matter. I will look forward to hearing from you.

Best,

Rhett Francisco*

The Law Offices of Rhett T. Francisco

***EMPLOYMENT - CONSUMER - INJURY***
**attorneys**

Phone:
818-319-9879
424-262-2602

Main Office:**
5350 Topanga Cyn. Blvd.
Woodland Hills, CA 91364

Satellite Offices:
Encino & Valencia

*Super Lawyers*, a publication of Thomson Reuters, has _recognized Mr. Francisco as a 2012_
_"Rising Star,"_ an honor bestowed on no more than 2.5% of Southern California attorneys who
are 40 years old or younger.

\*\*Please send all mailings to the main office.

For more information about The Law Offices of Rhett T. Francisco, please visit the firm's
website at http://www.francisco-law-firm.com/ or the firm's Facebook profile (search words:
"Francisco Law Firm").

------------------------------------------

CONFIDENTIALITY NOTICE: This e-mail and any files attached may contain confidential
information that is legally privileged. If you are not the intended recipient or a person
responsible for delivering it, you are hereby notified that any disclosure, copying, distribution, or
use of any of the information contained in, or attached to, this transmission is STRICTLY
PROHIBITED. If you have received this transmission in error, please notify the sender and
destroy the original transmission and its attachments without reading or saving it in any manner.

# EXHIBIT H

*Sokolowski v. Microsoft Corporation*

Case No.  CV 12-10641-R (FMOx)

| Subject: | RE: Sokolowski v. Microsoft – LASC BC495538 – Microsoft's Motion to Compel Arbitration |
|---|---|
| From: | William Delgado (wdelgado@willenken.com) |
| To: | rhett_francisco_law@yahoo.com; |
| Cc: | hhsiao@willenken.com; |
| Date: | Thursday, December 13, 2012 6:59 PM |

Mr. Francisco,


I appreciate that you had other obligations calendared before Microsoft removed this case to federal court. My request for a meet and confer tomorrow is a function of Local Rule 7-3 which requires a meet and confer to take place at least 5 days prior to the last day for filing the motion. Pursuant to Fed. R. Civ. P. 81(c)(2)(C), Microsoft's motion is due on December 19, 2012. Five days prior to December 19th is tomorrow. In any event, if you are unavailable to meet and confer tomorrow, I am available to discuss the motion with you the afternoon of December 18, 2012. Nevertheless, I would expect that you would not represent to the Court that Microsoft was somehow in violation of Local Rule 7-3 by meeting and conferring the day before the motion was filed seeing as how the scheduling of the meet and confer was done at your request.


As to your request for "all of the authority" upon which we will rely and all the arguments we will assert, it is, to put it kindly, overbroad. Local Rule 7-3 requires that we discuss "substance of the contemplated motion and any potential resolution." It does not require that I essentially serve you with a copy of my motion *at* the meet and confer. As you might imagine, I'm still working on it. Given your statement that you disagree with my characterization of the facts and my conclusions, it appears you already understand the substance of the motion, making your request seem particularly unnecessary. And, it appears, based on your understanding of what I have already said, you have already foreclosed potential resolution outside of motion practice.


Nevertheless, to the extent you found my previous e-mail unclear, I can reiterate and elucidate. According to the complaint, Mr. Sokolowski purchased a Microsoft Surface tablet, took it out of the box, and used it by loading music and Word files onto it. In doing these things, he agreed to both the Surface Limited Warranty that was included in the box which houses the Surface and the Microsoft Software License Agreement that appeared on the Surface's screen after he first turned it on. Both agreements contain arbitration provisions that are governed by the Federal Arbitration Act. (Notably, both agreements also contain valid class action waivers). Under the Federal Arbitration Act, Microsoft is entitled to petition the court to compel Mr. Sokolowski to arbitrate his individual claims. Microsoft intends to so petition.


William Delgado


**From:** The Law Offices of Rhett T. Francisco [mailto:rhett_francisco_law@yahoo.com]
**Sent:** Thursday, December 13, 2012 3:30 PM

**To:** William Delgado
**Subject:** Sokolowski v. Microsoft - LASC BC495538 - Microsoft's Motion to Compel Arbitration

Mr. Delgado,

Thank you for your e-mail. I have not yet seen the Notice of Removal, but I understand that a package as delivered from your office today (I am assuming that that package is the Notice of Removal). I will look forward to taking a look at it shortly.

Unfortunately, I am not available tomorrow because I have depositions that are already scheduled. I also have depositions scheduled for next Monday. However, I am available on Tuesday, December 18th in the afternoon. Are you available then?

In the meantime, please provide me with 1) all of the authority on which you will rely in your Motion to Compel Arbitration, and 2) the arguments that you will assert (including the application of facts) that rely on the aforementioned authority.

As I'm sure you understand, I disagree with your version and characterization of the facts, as well as your conclusions. Nevertheless, I will look forward to trying to work this out with you.

Best,

Rhett Francisco

The Law Offices of Rhett T. Francisco

***EMPLOYMENT - CONSUMER - INJURY***
**attorneys**

Phone:

818-319-9879

424-262-2602


Main Office:**
5350 Topanga Cyn. Blvd.

Woodland Hills, CA 91364


Satellite Offices:
Encino & Valencia


**From:** William Delgado <wdelgado@willenken.com>
**To:** The Law Offices of Rhett T. Francisco <rhett_francisco_law@yahoo.com>
**Cc:** Helen Hsiao <hhsiao@willenken.com>
**Sent:** Thursday, December 13, 2012 12:50 PM
**Subject:** RE: Sokolowski v. Microsoft - LASC BC495538


Mr. Francisco:

Thank you for your e-mail. In terms of how this matter will proceed, as you likely know by now, Microsoft has removed this case to the United States District Court. Microsoft intends to file a motion to compel arbitration because your client, Mr. Sokolowski, agreed to arbitrate his individual claim before the American Arbitration Association under the terms of the Surface Limited Warranty and the Microsoft Software License Agreement. Pursuant to the Federal Arbitration Act, Microsoft is entitled to seek compulsion of the arbitration and a stay of the district court matter pending arbitration.

I would like to meet and confer with you tomorrow regarding our motion as required by Local Rule 7-3. Please let me know what time works best for you.

Very truly yours,

William A. Delgado


**From:** The Law Offices of Rhett T. Francisco [mailto:rhett_francisco_law@yahoo.com]
**Sent:** Sunday, December 09, 2012 2:57 PM
**To:** William Delgado
**Subject:** Sokolowski v. Microsoft - LASC BC495538

Mr. Delgado,

I am in receipt of your correspondence dated December 5, 2012, wherein you acknowledge that "Microsoft is well aware of its obligations to preserve evidence and [that Microsoft] has been diligently taking action to staisfy those obligations even before receiving [my] letter on

December 3, 2012."

Thank you for your response.

I am writing now to introduce myself, and to inquire as to whether you would like to discuss this matter and how the litigation will or may proceed, as well as the possibility of our agreeing to an amicable resolution before we have to launch into potentially protracted litigation. Please let me know if you would like to discuss this matter. I will look forward to hearing from you.

Best,

Rhett Francisco*

The Law Offices of Rhett T. Francisco

***EMPLOYMENT - CONSUMER - INJURY***
**attorneys**

Phone:
818-319-9879
424-262-2602

Main Office:**
5350 Topanga Cyn. Blvd.
Woodland Hills, CA 91364

Satellite Offices:
Encino & Valencia

*_Super Lawyers_, a publication of Thomson Reuters, has _recognized Mr. Francisco as a 2012 "Rising Star,"_ an honor bestowed on no more than 2.5% of Southern California attorneys who are 40 years old or younger.

**Please send all mailings to the main office.

For more information about The Law Offices of Rhett T. Francisco, please visit the firm's website at http://www.francisco-law-firm.com/ or the firm's Facebook profile (search words: "Francisco Law Firm").
---------------------------------------------
CONFIDENTIALITY NOTICE: This e-mail and any files attached may contain confidential information that is legally privileged. If you are not the intended recipient or a person responsible for delivering it, you are hereby notified that any disclosure, copying, distribution, or use of any of the information contained in, or attached to, this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender and destroy the original transmission and its attachments without reading or saving it in any manner.

http://us.mg5.mail.yahoo.com/neo/launch?.rand=8k4ihuaks1gjh                  1/29/2013

# EXHIBIT I

*Sokolowski v. Microsoft Corporation*

Case No.  CV 12-10641-R (FMOx)

| | |
|---|---|
| Subject: | Sokolowski v. Microsoft – LASC BC495538 – Response to Delgado re: Microsoft's Motion to Compel Arbitration |
| From: | The Law Offices of Rhett T. Francisco (rhett_francisco_law@yahoo.com) |
| To: | wdelgado@willenken.com; |
| Date: | Friday, December 14, 2012 9:34 AM |

Mr. Delgado,

The tone, slant, and mischaracterizations in your immediately previous e-mail (see below) are not taken well, and they get this matter off to a poor start unnecessarily. I trust that things will change going forward, and I will look forward to a more professional and forthright working relationship going forward.

That said, I will address your e-mail, and clarify, as appropriate.

First, I am not particularly happy that I have to respond to your e-mail when I should be preparing for the depositions that I have on calendar for today. You well know that my having to respond to your most recent e-mail is a direct result of a schedule you and your client chose to pursue (and not any doing of either my firm or my client).

With regard to your statements pertaining to Local Rule 7-3 and my availability to meet and confer, your attempt to put the burden on me to make myself available today for such purposes is ridiculous. You attempt to rely on the fact that you, on behalf of Microsoft, have to meet and confer by today as a result of FRCP 81(c)(2)(C) and Local Rule 7-3. However, you completely avoid the fact that my client's State Court Complaint (and the accompanying CLRA letter) was filed and served on Microsoft (as well as several other Microsoft representatives/entities) more than a month ago on November 13, 2012. I then sent your client a letter on December 3, regarding preservation of evidence. Then on December 5, you sent me a letter stating that you represent Microsoft in this matter. Then, on December 9, I sent you an e-mail wherein I introduced myself and asked "whether you would like to discuss this matter and how the litigation will or may proceed." (Please see the first e-mail in this string.) I closed my December 9 e-mail by reiterating, "Please let me know if you would like to discuss this matter. I will look forward to hearing from you." You did not respond to my December 9 e-mail until after you filed the Notice of Removal on December 13.

In light of the above timeline/sequence of facts, it is clear that you and your client then sat on the Complaint and the CLRA letter for weeks before taking any action to contact me. And then, when you did take action to contact me, you did not mention anything about removing the case to Federal Court until AFTER you already removed the case on December 13. In fact, you hid your intention to remove the case and you refused to address the issue, even though I very clearly asked you in my December 9 e-mail if you would like to discuss this matter and how the litigation will proceed. There should be no doubt that, as of your receipt of my e-mail on December 9, you and your client knew that you were going to remove the case and file a motion to compel arbitration in Federal Court. You should have informed me of your intention re: removal and the motion to compel arbitration then, and you should have also inquired as to my availability for a meet and confer at that time. If you had done so, I would have informed you that I could have met and conferred yesterday. But, you chose to delay and obfuscate and wait until AFTER you removed the case to contact me regarding meeting and conferring, and now you must accept the consequences of your inability to comply with Local Rule 7-3.

With regard to meeting and conferring, I have calendared a meet and confer for December 18th at 3

http://us-mg5.mail.yahoo.com/neo/launch?.rand=8k4ihuaks1gjh
Sokolowski v. Microsoft Corporation
Case No. CV-12-10641
Exhibit I to Declaration of Rhett T. Francisco
1/29/2013
Page 42

p.m.  Please plan on meeting me at my Woodland Hills office (5350 Topanga Canyon Blvd.).  In light of the above, it should be clear that the aforementioned meet and confer has been scheduled as a result of your actions (and inaction/delay), and not at my request.

With regard to the substance and requirements of Local Rule 7-3, you very conveniently and intentionally left out that the Rule requiress a "thorough" discussion.  Your attempt to mis-quote the Local Rule does not reflect well on your practice, and is unnecessary.  You are not going to be able to pull a fast one on either me, my firm, or the Court - if you think otherwise, I strongly encourage you reassess your position.  In light of the requirement that we "discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution," (emphasis in original), I am simply asking you to provide the authority upon which you will rely and the arguments that are based on that authority.  Without such a foundation for our meet and confer, how can we thoroughly discuss the validity and potential resolution of your client's motion to compel arbitration?  Even if you are still working on the motion, you should know why you are pursuing such a motion and you should be able to provide me with what you have so far.  As of now, you haven't provided me with any authority whatsoever.

With regard to your statement that "it appears [that I] already understand the substance of [your client's] motion," your conclusion is unfounded, and a ridiculously strained and overbroad misreading of my previous e-mail.  Among other things, your interpretation and conclusion takes my statements way out of context.  Please re-read our e-mail string.  It should be very clear that my statement, "I disagree with your version and characterization of the facts, as well as your conclusions" pertains only to the very short, generalized, blanket characterizations and conclusions that you put forth in your e-mail of December 13th at 12:50 p.m.  To be very clearly, I was only addressing your conclusions and characterizations pertaining to your statement that "your client, Mr. Sokolowski, agreed to arbitrate his individual claim before the American Arbitration Association under the terms of the Surface Limited Warranty and the Microsoft Software License Agreement.  Pursuant to the Federal Arbitration Act, Microsoft is entitled to seek compulsion of the arbitration and a stay of the district court matter pending arbitration."  I have very little idea about what what you intend to assert is the authority and foundation for your client's motion to compel arbitration.  You have not provided me with, or directed me to, any document or evidence that shows that my client agreed to arbitrate.  Nor have you provided me with, or directed me to, any authority that supports your client seeking to compel arbitration (either pursuant to an agreement with my client or otherwise).  You are simply trying to avoid your obligations pursuant to Local Rule 7-3, and that is improper.

With regard to your statement that "[I] have already foreclosed potential resolution outside of motion practice," once again, your conclusion is unfounded, and a ridiculously strained and overbroad misreading of my previous e-mail.  Among other things, your interpretation and conclusion takes my statements way out of context.  Please re-read our e-mail string.  Please also refer to my paragraph immediately above this one.  This is very clearly an extension of your attempt to avoid your obligations pursuant to Local Rule 7-3, and it is improper.

With regard to your conclusion and assertion that my client "agreed to both the Surface Limited Warranty that was included in the box which houses the Surface and the Microsoft Software License Agreement that appeared on the Surface's screen after he first turned it on," please provide me with more specifics.  What is the Limited Warranty to which you are referring?  What is the Microsoft Software License Agreement to which you are referring?  What does that Warranty purpotedly state?  What does the License Agreement purpotedly state?  With regard to the "arbitration provisions" that your assert are goverened by the "Federal Arbitration Act," please provide me with those purported arbitration provisions and the specific section(s) of the Federal Arbitration Act that govern the purported arbitration provisions.  With regard to your assertion that both arbitration agreements contain" valid class action waivers," please provide me

with the specific waiver language and the authority that supports your conclusion/assertion re: their validity. Please also provide me with specific provisions of the Federal Arbitration Act that support your conclusion that "Microsoft is entitled to petition the court to compel Mr. Sokolowski to arbitrate his individual claims."

Finally, why didn't you bring any of this up in your December 5th letter to me? And why didn't you bring any of this up in response to my December 9th e-mail (and BEFORE removing the case to Federal Court)? And why didn't you bring any of this up anytime within the first 30 days between the time Microsoft was served with the Complaint, and ESPECIALLY in the EIGHT days between your December 5th letter to me and the December 13th removal of this case?

Best,

Rhett Francisco*

The Law Offices of Rhett T. Francisco

**_EMPLOYMENT - CONSUMER - INJURY_**
       _attorneys_

Phone:
818-319-9879
424-262-2602

Main Office:
5350 Topanga Cyn. Blvd.
Woodland Hills, CA 91364

---

**From:** William Delgado <wdelgado@willenken.com>
**To:** The Law Offices of Rhett T. Francisco <rhett_francisco_law@yahoo.com>
**Cc:** Helen Hsiao <hhsiao@willenken.com>
**Sent:** Thursday, December 13, 2012 6:59 PM
**Subject:** RE: Sokolowski v. Microsoft - LASC BC495538 - Microsoft's Motion to Compel Arbitration

Mr. Francisco,

I appreciate that you had other obligations calendared before Microsoft removed this case to federal court. My request for a meet and confer tomorrow is a function of Local Rule 7-3 which requires a meet and confer to take place at least 5 days prior to the last day for filing the motion. Pursuant to Fed. R. Civ. P. 81(c)(2)(C), Microsoft's motion is due on December 19, 2012. Five days prior to December 19th is tomorrow. In any event, if you are unavailable to meet and confer tomorrow, I am available to discuss the motion with you the afternoon of December 18, 2012. Nevertheless, I would expect that you would not represent to the Court that Microsoft was somehow in violation of Local Rule 7-3 by meeting and conferring the day before the motion was filed seeing as how the scheduling of the meet and confer was done at your request.

As to your request for "all of the authority" upon which we will rely and all the arguments we will assert, it is, to put it kindly, overbroad. Local Rule 7-3 requires that we discuss "substance of the contemplated motion and any potential resolution." It does not require that I essentially serve you with a copy of my motion *at* the meet and confer. As you might imagine, I'm still working on it. Given your statement that you disagree with my characterization of the facts and my conclusions, it appears you already understand the substance of the motion, making your request seem particularly unnecessary. And, it appears, based on your understanding of what I have already said, you have already foreclosed potential resolution

outside of motion practice.

Nevertheless, to the extent you found my previous e-mail unclear, I can reiterate and elucidate. According to the complaint, Mr. Sokolowski purchased a Microsoft Surface tablet, took it out of the box, and used it by loading music and Word files onto it. In doing these things, he agreed to both the Surface Limited Warranty that was included in the box which houses the Surface and the Microsoft Software License Agreement that appeared on the Surface's screen after he first turned it on. Both agreements contain arbitration provisions that are governed by the Federal Arbitration Act. (Notably, both agreements also contain valid class action waivers). Under the Federal Arbitration Act, Microsoft is entitled to petition the court to compel Mr. Sokolowski to arbitrate his individual claims. Microsoft intends to so petition.

William Delgado

---

**From:** The Law Offices of Rhett T. Francisco [mailto:rhett_francisco_law@yahoo.com]
**Sent:** Thursday, December 13, 2012 3:30 PM
**To:** William Delgado
**Subject:** Sokolowski v. Microsoft - LASC BC495538 - Microsoft's Motion to Compel Arbitration

Mr. Delgado,

Thank you for your e-mail. I have not yet seen the Notice of Removal, but I understand that a package as delivered from your office today (I am assuming that that package is the Notice of Removal). I will look forward to taking a look at it shortly.

Unfortunately, I am not available tomorrow because I have depositions that are already scheduled. I also have depositions scheduled for next Monday. However, I am available on Tuesday, December 18th in the afternoon. Are you available then?

In the meantime, please provide me with 1) all of the authority on which you will rely in your Motion to Compel Arbitration, and 2) the arguments that you will assert (including the application of facts) that rely on the aforementioned authority.

As I'm sure you understand, I disagree with your version and characterization of the facts, as well as your conclusions. Nevertheless, I will look forward to trying to work this out with you.

Best,

Rhett Francisco

The Law Offices of Rhett T. Francisco

### *EMPLOYMENT - CONSUMER - INJURY*
#### attorneys

Phone:
818-319-9879
424-262-2602

Main Office:**
5350 Topanga Cyn. Blvd.
Woodland Hills, CA 91364

Satellite Offices:
Encino & Valencia

**From:** William Delgado <wdelgado@willenken.com>
**To:** The Law Offices of Rhett T. Francisco <rhett_francisco_law@yahoo.com>
**Cc:** Helen Hsiao <hhsiao@willenken.com>
**Sent:** Thursday, December 13, 2012 12:50 PM
**Subject:** RE: Sokolowski v. Microsoft - LASC BC495538

Mr. Francisco:

Thank you for your e-mail. In terms of how this matter will proceed, as you likely know by now, Microsoft has removed this case to the United States District Court. Microsoft intends to file a motion to compel arbitration because your client, Mr. Sokolowski, agreed to arbitrate his individual claim before the American Arbitration Association under the terms of the Surface Limited Warranty and the Microsoft Software License Agreement. Pursuant to the Federal Arbitration Act, Microsoft is entitled to seek compulsion of the arbitration and a stay of the district court matter pending arbitration.

I would like to meet and confer with you tomorrow regarding our motion as required by Local Rule 7-3. Please let me know what time works best for you.

Very truly yours,

William A. Delgado

**From:** The Law Offices of Rhett T. Francisco [mailto:rhett_francisco_law@yahoo.com]
**Sent:** Sunday, December 09, 2012 2:57 PM
**To:** William Delgado
**Subject:** Sokolowski v. Microsoft - LASC BC495538

Mr. Delgado,

I am in receipt of your correspondence dated December 5, 2012, wherein you acknowledge that "Microsoft is well aware of its obligations to preserve evidence and [that Microsoft] has been diligently taking action to staisfy those obligations even before receiving [my] letter on December 3, 2012."

Thank you for your response.

I am writing now to introduce myself, and to inquire as to whether you would like to discuss this matter and how the litigation will or may proceed, as well as the possibility of our agreeing to an amicable resolution before we have to launch into potentially protracted litigation. Please let me know if you would like to discuss this matter. I will look forward to hearing from you.

Best,

Rhett Francisco*

The Law Offices of Rhett T. Francisco

***EMPLOYMENT - CONSUMER - INJURY***

**attorneys**

Phone:
818-319-9879
424-262-2602

Main Office:**
5350 Topanga Cyn. Blvd.
Woodland Hills, CA 91364

Satellite Offices:
Encino & Valencia

*Super Lawyers*, a publication of Thomson Reuters, has *recognized Mr. Francisco as a 2012 "Rising Star,"* an honor bestowed on no more than 2.5% of Southern California attorneys who are 40 years old or younger.

**Please send all mailings to the main office.

For more information about The Law Offices of Rhett T. Francisco, please visit the firm's website at http://www.francisco-law-firm.com/ or the firm's Facebook profile (search words: "Francisco Law Firm").
-------------------------------------------

CONFIDENTIALITY NOTICE: This e-mail and any files attached may contain confidential information that is legally privileged. If you are not the intended recipient or a person responsible for delivering it, you are hereby notified that any disclosure, copying, distribution, or use of any of the information contained in, or attached to, this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender and destroy the original transmission and its attachments without reading or saving it in any manner.